**John J. NEOFES and Bernice Neofes, Plaintiffs,**

v.

**ROBERTSHAW CONTROLS COMPANY, et al., Defendants.**

**No. IP 75–204–C.**

United States District Court,
S. D. Indiana,
Indianapolis Division.

March 19, 1976.

Robert C. Rupp of Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, Ind., for plaintiffs.

Hugh Watson, of Locke, Reynolds, Boyd & Weisell, Indianapolis, Ind., for Robertshaw Controls Co.

Richard W. Yarling, of Yarling, Winter, Tunnell, Robinson & Lam, Indianapolis, Ind., for Bradford-White Corp.

R. Stanley Lawton, of Ice, Miller, Donadio & Ryan, Indianapolis, Ind., for Cal Gas Charlestown, Inc.

## ORDER ON MOTIONS TO DISMISS

STECKLER, Chief Judge.

This matter came before the Court on the motion of defendant Robertshaw Controls Company (Robertshaw) to dismiss Counts II and III of the plaintiffs' complaint and on the motion of defendant Cal Gas Charlestown, Inc. (Cal Gas) to dismiss Count II of the complaint for the reason that said counts "fail to state facts sufficient to constitute causes of action."

The plaintiffs, John and Bernice Neofes, are husband and wife. At the time of the accident described in the complaint the plaintiffs were lessees of Mrs. Viola Hardy. The complaint alleges that the defendants Robertshaw and Bradford White Corporation manufactured, sold, and/or distributed a Hoffman water heater attached to which was a Robertshaw safety valve. The defendant Cal Gas manufactured, sold, and/or distributed LP gas to John Neofes.

On or about August 19, 1973, while plaintiff John Neofes was standing on the basement stairs of his leased home, H. S. Hardy approached the aforementioned Hoffman hot water heater to light it. Mr. Neofes was injured when an explosion occurred as Hardy approached the hot water heater.

The plaintiffs' complaint is based upon theories of negligence, implied warranty and strict liability and alleges that each of the defendants is jointly and severally liable to the plaintiffs.

Defendant Robertshaw bases its motion to dismiss Count II of the complaint, the implied warranty claim, on the assertion that there existed no privity between plaintiff and Robertshaw as the water heater in question was sold to plaintiffs' lessor and not to the plaintiffs. Thus, Robertshaw argues, plaintiffs do not fall within the class of persons to which a seller's warranty extends as set out by the Indiana statute dealing with third party beneficiaries of warranties:

"A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section." Ind.Code § 26–1–2–318 (Burns 1974).

Plaintiffs contend that the above statute does not limit its application to other classes not named and that it is reasonable and foreseeable that a user, such as a lessee of real estate, is apt to come into contact or be affected by the warranted goods. In such cases, plaintiffs argue, the lessee-user should not be excluded from the warranty's coverage.

Plaintiffs' argument is plausible and would be persuasive if Indiana had

adopted either Alternative B or Alternative C to § 2–318 of the Uniform Commercial Code, these alternatives having become part of the Code by way of amendment in 1966. The text of the Alternatives is as follows:

Alternative B

A seller's warranty whether express or implied extends to any natural person who may reasonably be expected to use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section.

Alternative C

A seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty. A seller may not exclude or limit the operation of this section with respect to injury to the person of an individual to whom the warranty extends. As amended 1966.

It is highly probable that plaintiffs would be considered to be members of the class of persons covered by Alternatives B or C. However, the fact that the Indiana legislature has declined for nearly ten years to adopt either Alternative B or Alternative C as the Indiana version of § 2–318 of the Uniform Commercial Code forcefully militates against plaintiffs' contention that they should come within the class of persons included under Indiana's current version of § 2–318 which places severe restrictions on the class of persons to which a seller's warranty extends.

Plaintiffs contend that "the trend of decisions is against limiting privity" in cases such as the one now before this Court. They cite *Filler v. Rayex Corporation,* 435 F.2d 336 (7th Cir. 1970), in support of the proposition that privity between the manufacturer and plaintiff is not required by Indiana law under the theories of implied warranty, strict liability and negligence.

It is difficult, if not impossible, to reconcile the various Indiana decisions (both state and federal) which have dealt with the question of privity in the context of a products liability case. This apparent disparity in the results of some cases has undoubtedly been caused by the spectacular and unprecedented rapidity of growth in the area of law known as strict liability in tort—a development which has thoroughly shaken traditional concepts of privity. *See generally,* W. Prosser, *Law of Torts* §§ 96–99 (4th ed. 1971). Having made this general observation the Court will move on to an examination of the *Filler* case upon which plaintiffs rely.

In the *Filler* opinion, supra at 337–338, the Court makes the blanket statement that Indiana law does not require privity between the plaintiff and the manufacturer in actions based on either implied warranty, strict liability or negligence. The only case cited in support of that conclusion that discusses privity in connection with the theory of implied warranty is *Dagley v. Armstrong Rubber Company,* 344 F.2d 245, 252–254 (7th Cir. 1965). In *Dagley* the Court noted that Indiana law recognizes implied warranty actions that are based on either tort or contract. *Wright-Bachman, Inc. v. Hodnett,* 235 Ind. 307, 313, 133 N.E.2d 713, 716 (1956). The Court then proceeded to discuss the differences between warranty based on contract theory and warranty based on tort theory:

"The traditional concept of warranty is that the seller of a product expressly and impliedly warrants certain things concerning the product to the buyer. This warranty is a part of the contract between seller and buyer and thus has its basis in contract law . . . *This traditional concept is not being superseded by the new concept and still requires privity of contract to be enforced.*

"The new concept of warranty bases liability on strict liability in tort. This warranty 'is a very different kind of warranty from those usually found in

the sale of goods, and . . . it is not subject to the various contract rules which have grown up to surround such sales.' "

344 F.2d at 253 [emphasis added].

The foregoing language demonstrates that the *Dagley* opinion only supports the *Filler* court's conclusion regarding the lack of necessity for privity in an implied warranty action to the extent that the warranty action is based on tort. If the warranty action is based on contract, privity is still a necessary element under Indiana law. Cases decided subsequent to *Dagley* and *Filler* support this conclusion. *See, Withers v. Sterling Drug, Inc.,* 319 F.Supp. 878 (S.D.Ind. 1970); *Gregory v. White Truck & Equipment Co., Inc.,* 323 N.E.2d 280 (Ind.Ct. App.1975); *but cf. Barnes v. Mac Brown and Co., Inc.,* 342 N.E.2d 619 (Ind.Sup.Ct. 1976).[1]

■ Under Indiana law a count based on tortious breach of implied warranty is duplicitous of a count based on strict liability in tort and both counts may not be pursued in the same lawsuit. *See, Withers v. Sterling Drug, Inc., supra* at 884. Therefore, while it is not altogether clear from the face of their complaint, the Court is assuming for the purpose of ruling on the instant motion that the plaintiffs are basing their implied warranty count on contract. Since privity is still required under Indiana law with respect to warranty actions based on contract the plaintiffs have failed to state a claim for contractual breach of warranty against defendant Robertshaw as no privity exists between plaintiffs and Robertshaw. Plaintiffs have, however, stated a valid claim for contractual breach of implied warranty against defendant Cal Gas as the complaint alleges that Cal Gas sold LP gas directly to the plaintiff John Neofes and therefore the requisite privity relationship has been alleged.

In accordance with the preceding discussion the Court concludes that defendant Robertshaw's motion to dismiss Count II of the plaintiffs' complaint should be, and it is, hereby GRANTED as to defendant Robertshaw only. Defendant Cal Gas's motion to dismiss Count II of the complaint should be, and it is, hereby DENIED.

Defendant Robertshaw has also moved to dismiss Count III, the count based upon the theory of strict liability in tort, from the plaintiffs' complaint. In support of its motion to dismiss Count III Robertshaw argues that the theory of strict liability, if such a theory is recognized by the law of Indiana, does not apply to the manufacturer of a component part made or assembled by others.

■ While defendant Robertshaw apparently has some reservations on this point, it is quite clear that the theory of strict liability has been recognized and adopted as part of the law of Indiana. *See, e. g., Filler v. Rayex Corp.,* 435 F.2d 336 (7th Cir. 1970); *Greeno v. Clark Equip. Co.,* 237 F.Supp. 427 (N.D.Ind. 1965); *Cornette v. Searjeant Metal Products Inc.,* 147 Ind.App. 46, 258 N.E.2d 652 (1970); *Perfection Paint & Color Co. v. Konduris,* 147 Ind.App. 106, 258 N.E.2d 681 (1970); *Ayr-Way Stores, Inc. v. Chitwood,* 261 Ind. 86, 300 N.E.2d 335 (1973); *Nissen Trampoline Co. v. Terre Haute First National Bank,* 332 N.E.2d 820 (Ind.Ct.App.1975).

■■ While there are apparently no Indiana cases on point, it appears that the Indiana Supreme Court would approve of a rule extending strict liability to the manufacturer of a component part of a product. This Court, vested with diversity jurisdiction over this case, must apply Indiana law. *Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). When there are no reported Indiana decisions on the issue in controversy the Court must look

---

1. In *Barnes, supra,* the Indiana Supreme Court extended a builder-vendor's implied warranty of fitness for habitation beyond the first purchaser. The majority opinion did not discuss the traditional distinction in Indiana law between implied warranty actions sounding in contract and implied warranty actions sounding in tort.

to all available data and adopt the rule which it believes the Indiana Supreme Court would choose. *West v. American Telephone & Telegraph Co.,* 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139, 144 (1940); *see, Putman v. Erie City Manufacturing Company,* 338 F.2d 911 at 917–918 (5th Cir. 1964).

Several other jurisdictions and at least one legal scholar have concluded that the theory of strict liability extends to the manufacturer of a component part of a product. *See, Deveny v. Rheem Manufacturing Company,* 319 F.2d 124 (2d Cir. 1963) (Vermont law) (action for personal injuries against manufacturer of water heater which exploded and against manufacturer of controls used in heater); *McKee v. Brunswick Corporation,* 354 F.2d 577 (7th Cir. 1965); *Putman v. Erie City Manufacturing Company, supra; Suvada v. White Motor Company,* 32 Ill.2d 612, 210 N.E.2d 182 (1965); *Barth v. B. F. Goodrich Tire Company,* 265 Cal. App.2d 228, 71 Cal.Rptr. 306 (1968); *Burbage v. Boiler Engineering & Supply Company,* 433 Pa. 319, 249 A.2d 563 (1969); W. Prosser, *Law of Torts* § 100 at 664 (4th ed. 1971). This rule appears to be well reasoned and intrinsically fair, and presumably a determination by this Court on such a basis would find approval with the Indiana Supreme Court. *See, Greeno v. Clark Equipment Company,* 237 F.Supp. 427 at 430 (N.D.Ind. 1965). Accordingly, defendant Robertshaw's motion to dismiss Count III of the plaintiffs' complaint is hereby DENIED.