Margaret A. LANE, Appellant,

v.

Gerald L. BARRINGER and Iva Barringer, d/b/a Handi Foods, Holloway House Industrial Products, a Division of Chemical Corporation of America, Owens-Illinois, Inc. and Venus Laboratories, Inc., Appellees.

No. 1–1079A268.

Court of Appeals of Indiana, First District.

July 24, 1980.
Rehearing Denied Aug. 21, 1980.

William F. Marshall, Dalmbert & Marshall, Columbus, for appellant.

Don M. Robertson, Joseph D. O'Connor, III, Bunger, Harrell & Robertson, Bloomington, for appellees, Gerald L. Barringer and Iva Barringer, d/b/a Handi Foods.

John P. Price, Robert G. Weddle, Daniel R. Fagan, Bingham, Summers, Welsh & Spilman, Indianapolis, for Holloway House Industrial Products.

Leon D. Cline, Cline, King & Beck, Columbus, for appellee, Owens-Illinois, Inc.

Peter B. Stewart, Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, for appellee, Venus Laboratories, Inc.

ROBERTSON, Presiding Judge.

Margaret A. Lane brought a personal injury suit against multiple defendants who were involved with the manufacture, packaging, distribution and retail sale of a liquid drain cleaner, Industrial Drain Opener. The trial court granted a motion to dismiss, for failure to state a claim upon which relief could be granted, in favor of Venus Laboratories, Inc., the manufacturer of the cleaner. The trial court also granted motions for summary judgment in favor of Owens-Illinois, Inc., who supplied the container for the cleaner: Holloway House Industrial Products, the distributor of the cleaner: and Gerald and Iva Barringer, managers of the retail store, Handi Foods, which offered the cleaner for sale. Margaret A. Lane now appeals the granting of these various motions.

We affirm.

The relevant facts are that in the late evening of April 27, 1974, the appellant, Margaret A. Lane (Lane) accompanied her daughter to a Handi Foods store in Columbus, Indiana. The daughter intended to purchase a drain opener to unclog a toilet in her home. She was seeking a strong drain cleaner because the toilet was clogged with beef bones. After examining several products, the daughter took a container of Industrial Drain Opener from the shelf, placed it under her arm, and began to leave the display area. The container fell to the floor, broke open, and the cleaner splashed onto Lane's legs injuring her.

Lane initiated this suit on May 14, 1976. Her complaint, as amended, sought relief under three different legal theories. Two of the claims sounded in tort; one based upon negligence and one based upon strict liability in tort. The third theory sounded in contract for breach of implied warranty. As to the claims sounding in tort, the applicable two year statute of limitations had run when the complaint was filed thus barring any recovery. See Ind.Code 34–1–2–2. Therefore, the essential issue before the trial court in ruling on the various motions, which are now the subject of this appeal, was whether or not Lane could maintain a contract action for breach of implied warranty, pursuant to Ind.Code 26–1–2–314 and Ind.Code 26–1–2–318, against the various defendants.

IC 26–1–2–314 specifies that there is an implied warranty that goods are merchantable in a contract for sale of goods when the seller is a merchant who regularly sells such goods. IC 26–1–2–318 extends the protection of an implied warranty, pursuant to section 314, to third party beneficiaries in certain instances. Lane seeks to bring herself within the scope of the third party beneficiary provision. By doing so, she also seeks the benefit of the four year statute of

limitations applicable to a breach of contract for sale of goods. *Ind.Code* 26–1–2–725.

Given this basis for review, we turn to the question of whether or not the trial court properly granted the motions for summary judgment in favor of Owens-Illinois, Inc., the container supplier, and Holloway House Industrial Products, the distributor.

▆ The granting of a motion for summary judgment is of course only proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Rules of Procedure, Trial Rule 56(C); *Stuteville v. Downing* (1979) Ind.App., 391 N.E.2d 629. A fact is "material" if it tends to facilitate resolution of any of the issues for or against the party having the burden of proof on the issue. *Stuteville v. Downing, supra; Brandon v. State*, (1976) 264 Ind. 177, 340 N.E.2d 756. When entertaining a motion for summary judgment, the evidence before the court should be construed in a light most favorable to the nonmoving party. *Tekulve v. Turner* (1979) Ind.App., 391 N.E.2d 673; *Smith v. P & B Corp.*, (1979) Ind.App., 386 N.E.2d 1232. "However, despite conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no dispute or conflict regarding a fact that is dispositive of the litigation." *Stuteville v. Downing*, 391 N.E.2d at 629, citing *Hayes v. Second Nat. Bank of Richmond* (1978) Ind.App., 375 N.E.2d 647. This latter point is applicable to the situation in the case at bar.

Lane argues vigorously that the concept of a "sale" is broad enough to encompass the factual setting between her daughter and Handi Foods. She further argues that her relationship to her daughter was sufficient to bring her within the third party beneficiary provisions of IC 26–1–2–318. Nonetheless, even assuming Lane could prevail on these points, the trial court's decisions on the summary judgment motions for Owens-Illinois, Inc. and Holloway House Industrial Products are correct, because there was no privity of contract between Lane or her daughter and these remote defendants.

▆ Clearly, privity of contract is no longer required if a personal injury action for a defective product sounds in tort; either on a negligence theory or on the theory of strict liability in tort. *Neofes v. Robertshaw Controls Company*, (S.D.Ind.1976) 409 F.Supp. 1376; *Withers v. Sterling Drug, Inc.*, (S.D.Ind.1970) 319 F.Supp. 878; *Dagley v. Armstrong Rubber Company*, (7th Cir. 1965) 344 F.2d 245. However, the abrogation of the privity requirement in tort law has not eliminated the privity requirement when the cause of action sounds in contract for breach of warranty. *Neofes v. Robertshaw Controls Company, supra; Withers v. Sterling Drug Inc., supra; Dagley v. Armstrong Rubber supra*. Therefore, even after the trial court drew the proper inferences in favor of the nonmoving party, Lane, it was presented with an undisputed material fact which was dispositive of the litigation. Lane could not be a third party beneficiary as to Owens-Illinois, Inc. and Holloway House Industrial Products because there was no privity between Lane's daughter and these defendants, and therefore, no contract for her benefit. *Neofes v. Robertshaw Controls Company, supra*, is directly on point as to a claim by an alleged third party beneficiary, when privity is lacking, and reaches the same conclusion.

▆ We now turn to the question of whether or not the trial court properly granted Venus Laboratories, Inc.'s motion to dismiss for failure to state a claim upon which relief can be granted. The trial court's order granting Venus's motion indicates that matters outside the pleadings were considered by the court in making its decision. In such a case, there is no distinction between a motion to dismiss and a motion for summary judgment and the motion to dismiss shall be treated as a motion for summary judgment. *Middelkamp v. Hanewich*, (1977) Ind.App., 364 N.E.2d 1024; *Schenkel Enterprises, Inc. v. Indiana & Michigan Elec. Co.*, (1979) Ind.App., 393 N.E.2d 268. Therefore, in reviewing the trial court's decision on Venus's motion, we have viewed it as a motion for summary judgment. The same reasoning which was

applicable to the motions made by Owens-Illinois, Inc. and Holloway House Industrial Products also applies in this instance. Lacking privity between her daughter and Venus, Lane could not be a third party beneficiary of any contract for sale of goods and thus Venus was entitled to judgment as a matter of law.

We have now reached the final link in the chain of defendants, Gerald and Iva Barringer. The Barringers operated the Handi Foods store which sold the drain cleaner. Thus, again assuming Lane could prevail on the question of whether there was sale and that she could bring herself within the class of persons protected by IC 26–1–2–318, there would have been no problem with the privity requirement in maintaining the contract action against the Barringers. The record, however, reflects that the Barringers were dismissed as defendants by the stipulation of the parties. Therefore, there is no question before us as to the maintenance of an action against the Barringers because they are no longer parties to the lawsuit.[1]

The only other possible defendant for a contract action, one who was arguably in a privity with Lane's daughter, was Handi Foods, Inc., the corporate entity which actually owned the market selling the drain cleaner. Although the record is somewhat confusing because several of the parties refer to Handi Foods, Inc. as if it were a party to the law suit, our review indicates that Handi Foods, Inc., was never served with process in compliance with Ind. Rules of Procedure, Trial Rule 4.6. Therefore, Handi Foods, Inc. never became a party to the suit and there is no question before us concerning a contract action against Handi Foods, Inc.

Finding no error, the judgment of the court below is affirmed.

NEAL, J., concurs.

RATLIFF, J., with separate opinion concurs in part, dissents in part, and concurs in result.

RATLIFF, Judge, concurring in part, dissenting in part, and concurring in result.

I concur in the result reached in this case on the ground that Margaret A. Lane, the plaintiff, was not a third-party beneficiary entitled to maintain an action for damages for personal injuries for breach of implied warranty under the narrow scope of the version of the Uniform Commercial Code pertaining to such third-party beneficiaries adopted in Indiana. I agree with the majority that Lane could not have been a third-party beneficiary of any contract for the sale of goods entered into by Lane's daughter, but I base my opinion upon the specific language of the third-party beneficiary provision of the U.C.C. which is not sufficiently broad in scope to include Lane.

I do not agree that lack of privity of contract deprives a person such as Lane from pursuing a claim for damages for personal injuries arising out of an alleged breach of implied warranty of merchantability against a remote seller or supplier, such as a manufacturer or distributor. I dissent from the majority opinion insofar as it would require privity as essential to recovery in such a situation.

*I. Privity of Contract Not Required*

The majority opinion held that Lane could not succeed in an action of breach of implied warranty against Holloway House, Owens-Illinois, and Venus because of the lack of privity between Lane and any of those defendants, relying primarily upon *Neofes Robertshaw Controls Co.,* (S.D.Ind. 1976) 409 F.Supp. 1376; and *Withers v. Sterling Drug, Inc.,* (S.D.Ind.1970) 319 F.Supp. 878. *Withers, supra,* does say at 882:

"A suit for breach of implied warranty which sounds in contract is an action which arises out of the agreement of the parties, and only a party to the contract,

---

1. We are aware the trial court entered a ruling on the Barringers' motion for summary judgment after they were dismissed by stipulation. This ruling, which also referred to Handi Foods, Inc., was surplusage which was not binding on any of the parties because neither the Barringers nor the corporation were parties to the suit when the ruling was made.

one in privity with him, *or one within the coverage of § 19–2–318 of Burns' Indiana Statutes Annotated (1964) repl.) [IC 26–1–2–318],* may enforce the implied warranty. . . ." (Emphasis added.) (Our insertion.)

The quoted statement for *Withers,* would seem to extend warranty protection to a third-party beneficiary in the absence of privity. *Neofes, supra,* says that privity is not necessary in an implied warranty action sounding in tort but "[i]f the warranty action is based on contract, privity is still a necessary element under Indiana law. (Citations omitted.)" 409 F.Supp. at 1379. Much of the court's discussion in *Neofes* pertains to the fact that Indiana adopted Alternative A of the third-party beneficiary provisions suggested by the U.C.C. rather than either of the more liberal Alternatives B or C. I do not believe *Withers, supra,* or *Neofes, supra,* to be authoritative statements of existing Indiana law which we are bound to follow. Further, it is my opinion that we should clearly hold the law in Indiana to be that lack of privity of contract does not preclude the bringing of an action for personal injuries based upon breach of implied warranty by one who can qualify as a third-party beneficiary under the Indiana version of that U.C.C. provision against a remote seller, manufacturer, bottler, distributor, or supplier.

Two Indiana cases dealing with the privity concept are worth nothing. In *Richards v. Goerg Boat & Motors, Inc.,* (1979) Ind. App., 384 N.E.2d 1084, the plaintiff sued the dealer and manufacturer of a used boat for breach of warranties, both express and implied, seeking damages for defects rendering the boat less than as warranted. Judge Hoffman wrote at 384 N.E.2d 1092:

"Generally privity extends to the parties to the contract of sale. It relates to the bargained for expectations of the buyer and seller. [Citation omitted.] Accordingly, *when the cause of action arises out of economic loss related to the loss of the bargain or profits and consequential damages related thereto, the bargained for expectations of buyer and seller are relevant and privity between them is still required.* [Citation omitted.]

"*Implied warranties of merchantability and fitness for a particular use, as they relate to economic loss from the bargain, cannot then ordinarily be sustained between the buyer and a remote manufacturer.* [Citation omitted.]" (Emphasis added.)

*Richards, supra,* found there to be sufficient factors in the dealings between the buyer and the manufacturer to consider the manufacturer as being a seller.

In *Barnes v. MacBrown & Co., Inc.,* (1976) 264 Ind. 227, 342 N.E.2d 619, our Supreme Court extended the benefit of implied warranty of fitness for habitation to a subsequent purchaser of a new dwelling in the case of latent defects which become manifest after the purchase and are not discoverable by the subsequent purchaser's reasonable inspection. The Supreme Court there said "[t]he traditional requirement of privity between a builder-vendor and a purchaser is an outmoded one." 264 Ind. at 229, 342 N.E.2d at 620. We followed the rule of *Barnes, supra,* in *Wagner Construction Co., Inc. v. Noonan,* (1980) Ind.App., 403 N.E.2d 1144.

The question of the requirement of privity in cases such as this has been the subject of much litigation. The decisions are in conflict. The question of the necessity of privity in breach of warranty actions is treated in 63 Am.Jur.2d, *Products Liability,* §§ 159–172. Some courts have held steadfast to the principle that privity is required. *Neofes v. Robertshaw Controls Co., supra; Schuessler v. Coca-Cola Bottling Co. of Miami,* (1973) Fla.App., 279 So.2d 901; and perhaps *Withers v. Sterling Drug, Inc., supra.*

Other cases have held that privity is not a requirement when a plaintiff seeks to recover damages for personal injuries from a remote manufacturer based upon breach of the U.C.C. implied warranties. *Berry v. G.D. Searle & Co.,* (1974) 56 Ill.2d 548, 309 N.E.2d 550. *See also: Sheeskin v. Giant Food, Inc.,* (1974) Md.Sp.App., 20 Md.App. 611, 318 A.2d 874; *Piercefield v. Remington*

*Arms Co.*, (1965) 375 Mich. 85, 133 N.W.2d 129 (under the Uniform Sales Act). The modern trend is to reject the privity requirement. 63 Am.Jur.2d, *Products Liability*, § 159; 2 *R.D. Hursh & H.J. Bailey, American Law of Products Liability 2d* (1974) § 10:12. *Berry v. G.D. Searle & Co.*, *supra*, disposes of privity in these words: " . . . [P]rivity is of no consequence when a buyer who purportedly has sustained personal injuries predicates recovery against a remote manufacturer for breach of an implied warranty under the Code." 309 N.E.2d at 556. We should do likewise.

### II. *Lane was not a Third-Party Beneficiary Entitled to Benefit of the Warranty*

As stated at the beginning of this opinion, I do not believe Lane comes within the protection of the third-party beneficiary provision of the U.C.C. as adopted in Indiana, and for that reason cannot succeed in this action, and summary judgment was properly entered against her on that ground. The applicable provision is IC 26–1–2–318 (§ 2–318 of the U.C.C.) which provides:

> "A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."

This provision is generally designated as Alternative A of the U.C.C. third-party beneficiary clauses. (*See* Judge Steckler's discussion of Alternatives A, B, and C in *Neofes v. Robertshaw Controls Co., supra*; and 2 *R.D. Hursh & H.J. Bailey, American Law of Products Liability 2nd*, §§ 10:4, 10:20, 10:43.)

There are no facts shown here which would bring Lane within the coverage of Alternative A (the Indiana statute). Lane was not in the family or household of her daughter—they had separate families and residences, the daughter was emancipated

and married; nor was Lane a guest in her daughter's home at the time of her injury. Perhaps Lane would have been covered under Alternative B or C, but Indiana has not adopted them. It is not the function of the court to adopt by decision an alternative statute which the legislature declined to enact.

Therefore, I concur in the result reached by the majority for the reasons which I have stated.