Ronald ZEPIK, Plaintiff,

v.

**CEECO POOL AND SUPPLY, INC., et al., Defendants.**

No. S85–291.

United States District Court, N.D. Indiana, South Bend Division.

April 28, 1986.

Ronald R. Gilbert, Detroit, Mich., Gary Becker, Louisville, Ky., Frank J. Petsche, South Bend, Ind., for plaintiff.

Fred M. Stults, Jr., David L. Zoss, Gary, Ind., for Ceeco Pool and Supply, Inc.

Sam J. Bernardi, Jr., Valparaiso, Ind., for Loren's Pool and Supply, Inc.

Edward N. Kalamaros, South Bend, Ind., for Pleasure Industries.

James K. Whitaker, Hammond, Ind., for Polynesian Pools.

James H. Pankow, South Bend, Ind., for Frost Co.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause comes before the court on a motion for summary judgment filed by the defendant, Pleasure Industries, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, the court finds that defendant's motion should be granted.

### I

Ronald Zepik brings this product liability action seeking to recover for injuries he received when he dived into an in-ground swimming pool and struck his head on the bottom of the pool. Mr. Zepik alleges that defendants manufactured and/or sold the

pool and/or the pool's component parts. Mr. Zepik's complaint is based on the multiple theories of negligence, strict liability, willful and wanton misconduct, and breach of express and implied warranties. Counts VI and VII of Mr. Zepik's complaint allege a violation of the Consumer Product Safety Act, 15 U.S.C. Section 2051 *et seq.*, by failing to inform the Consumer Product Safety Commission of a substantial product hazard, namely that a swimming pool may be defective for failure to warn users that diving into shallow water may result in serious spinal injury. Mr. Zepik further contends that defendants' failure to so inform the Commission was based on a fraudulent and deceitful intent.

Jurisdiction is based on the federal question presented by the alleged violation of the Consumer Product Safety Act. 28 U.S.C. Section 1331. Jurisdiction over the negligence and products liability counts presumably is pendent to the federal question jurisdiction.

On January 2, 1986, Pleasure Industries filed its motion for summary judgment on all counts on the principal ground that, "[it] did not manufacture, distribute, or otherwise put into the stream of commerce the swimming pool in which Ronald Zepik was injured, or any component thereof, nor was the swimming pool in question constructed according to the designs of Pleasure". Accordingly, Pleasure Industries concludes that it is not subject to liability for Mr. Zepik's injuries either under Indiana law or under federal law.

As to the Consumer Product Safety Act counts, Pleasure Industries reiterates its position that it was neither the manufacturer nor seller of any part of the subject pool; and that, as such, it had no duty to disclose to the Consumer Product Safety Commission, or to the consumer, dangers inherent in a product manufactured or sold by another party. Pleasure Industries concludes that where there is no duty, there can be no violation of the Act under 15 U.S.C. Section 2068 and no personal right of action under 15 U.S.C. Section 2072. It also contends that there is no private cause of

action for failure to disclose under 15 U.S.C. Section 2064 and that Mr. Zepik has failed to demonstrate the requisite intent to show that any failure on the part of Pleasure Industries to disclose the known dangers of its product was done with fraudulent and deceitful intent.

In support of its motion for summary judgment, Pleasure Industries filed the following:

(1) the affidavit of Gerald L. Bishop, the president of Pleasure Industries Corporation;

(2) Ronald Zepik's deposition of May 24, 1984;

(3) Glen Davis' deposition of December 5, 1983;

(4) Linda Davis' deposition of December 5, 1983;

(5) defendant Pleasure Industries' answers to plaintiff's interrogatories; and

(6) the "Instruction Manual for Your New Vacationer Pool";

In response to Pleasure Industries' motion, Mr. Zepik maintains that Pleasure Industries did manufacture and place into the stream of commerce two products: namely, the piping and the installation instruction manual, which were used in the construction of the subject pool. Mr. Zepik contends that Pleasure Industries' failure to warn the user of the danger of serious injury from diving into a shallow pool rendered these products defective. Mr. Zepik further contends that a private cause of action exists against Pleasure Industries under the Consumer Product Safety Act for its failure to disclose information to the Commission regarding the known dangers of diving into a shallow pool, and that Pleasure Industries' failure to disclose this information was based on a fraudulent and deceitful intent.

In support of his position, Mr. Zepik presented:

(1) the affidavit of Gary Becker, attorney for the plaintiff;

(2) defendant Loren's Pool & Supply, Inc.'s answers to interrogatories;

(3) a preliminary report from plaintiff's expert witness, Gene Litwin, a senior consulting engineer with Triodyne, Inc.; and

(4) the affidavit of Ronald R. Gilbert, accompanied by several articles from periodicals published in the swimming pool industry.

## II

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is proper only when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, establish that (1) no genuine issue of material fact exists, and (2) the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Munson v. Friske*, 754 F.2d 683 (7th Cir.1985). The moving party bears the burden of proving both these elements, *Brown University v. Kirsch*, 757 F.2d 124 (7th Cir. 1985), and the court must resolve any reasonable doubts in the inquiry against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Mintz v. Mathers Funds, Inc.*, 463 F.2d 495 (7th Cir.1972). When a summary judgment motion has been supported with affidavits pursuant to Rule 56(e), the party opposing summary judgment may not merely rest upon the allegations of his complaint, but must come forward with a showing of specific facts that raise a genuine issue for trial. *Linhart v. Glatfelter*, 771 F.2d 1004 (7th Cir.1985); *Klein v. Trustees of Indiana University*, 766 F.2d 275 (7th Cir.1985); *Posey v. Skyline Corp.*, 702 F.2d 102 (7th Cir.), *cert. denied* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983).

## III

### A

On June 20, 1983, Ronald Zepik and his friend, Sally Adrian, went to visit Glen and Linda Davis at their home. During that visit, the Davises invited Mr. Zepik and Ms. Adrian to go swimming. Mr. and Mrs. Davis have an in-ground pool in their backyard, which Mr. Davis constructed in the spring of 1982 with the assistance of defendant Loren's Pool & Supply, Inc. At approximately 8:45 p.m., Mr. Zepik left the pool and headed toward the Davis' house, then turned, ran toward the pool, and dived into the pool. Although no one actually saw the contact, it appears that upon entering the pool, Mr. Zepik struck his head on the bottom of the pool, as a result of which he was rendered a quadriplegic.

### B

Mr. Davis constructed the Davis pool with the direction and assistance of personnel from Loren's Pool & Supply. All materials used in the construction were purchased from Loren's Pool. Loren's Pool & Supply did the excavation work and helped Mr. Davis install the liner. Mr. Davis performed all the other work. The completed pool is octagonal in shape, twenty-four feet in circumference, and approximately four feet deep.

To assist with construction of the pool, Loren's Pool & Supply supplied Mr. Davis with an instruction manual prepared by Pleasure Industries for use with Pleasure Industries' Vacationer Pools. The manual, entitled "Instruction Manual for Your New Vacationer Swimming Pool", contains instructions for "the proper installation of the Vacationer Pool". All of the pool designs in the instruction manual are oblong in shape and are designed to have both a shallow and deep end.

The materials used in constructing the Davis pool were not manufactured by the same source; the parties disagree as to which manufacturer provided what product. Mr. Zepik contends that the list of the products and their respective manufacturers is as follows:

| | |
|---|---|
| Wall panels | – Polynesian Pools |
| Skimmer returns pump filter | – Hayward Pool Products, Inc. |
| Ladder | – Frost Company |
| Liner | – Ceeco Pool & Supply |
| Pipe | – Pleasure Industries |

| | |
|---|---|
| Clamps | – Bowman Distribution, Barnes Group, Inc. |
| Coping | – Polynesian Pools |

(Defendant Loren's Pool and Supply, Inc., answer to interrogatories filed in Cause No. 83–PSC–3246, Porter Superior Court.)

## IV

While the parties address several different issues in the plethora of documentation which they have presented to the court, the threshold issue is whether the record before the court establishes a sufficient connection between any products manufactured or sold by Pleasure Industries and Mr. Zepik's injuries so as to subject Pleasure Industries to liability under any of the theories espoused. The element of causation is essential to Mr. Zepik's complaint.

## A

First by case law and then by statute, Indiana adopted Section 402A of the Restatement of Torts (Second) as the law in products liability cases. *Lantis v. Astec Industries, Inc.*, 648 F.2d 1118, 1120 (7th Cir.1981); *Ayr-Way Stores, Inc. v. Chitwood*, 261 Ind. 86, 300 N.E.2d 335 (1973); IND.CODE 33–1–1.5–1 *et seq.* One seeking recovery under Section 402A must establish the following essential elements:

(1) the defendant placed a product into the stream of commerce by sale or other means;

(2) the defendant was engaged in the business of selling such a product;

(3) at the time the product left the defendant's hands, it was in a defective condition unreasonably dangerous to the user.

(4) the product was expected to and did reach the user without substantial change in its condition; and

(5) the defective condition was a proximate cause of the loss complained of.

*Lantis v. Astec Industries, Inc.*, 648 F.2d at 1120 (7th Cir.1981); *Shanks v. A.F.E. Industries, Inc.*, 275 Ind. 241, 416 N.E.2d 833, 834 (1981); *Ortho Pharmaceutical Corp. v. Chapman*, 180 Ind.App. 33, 388 N.E.2d 541, 545 (1979); *Gilbert v. Stone City Construction Co., Inc.*, 171 Ind.App. 418, 357 N.E.2d 738, 743 (1976); IND. CODE 33–1–1.5–3(a).

A product may be defective within the meaning of Section 402A because of a manufacturing flaw, a defective design, or a failure to warn of dangers in the product's use. *Lantis v. Astec Industries, Inc.*, 648 F.2d at 1120.

A manufacturer must give warnings if the manufacturer (a) knows or has reason to know that the product is or is likely to be dangerous for the use for which it is supplied, and (b) has no reason to believe that those for whose use the product is supplied will realize its dangerous condition. Restatement (Second) of Torts, Section 388; *Black v. Henry Pratt Co.*, 778 F.2d 1278, 1283 (7th Cir.1985); *American Optical Co. v. Weidenhamer*, 457 N.E.2d 181, 187 (Ind.1983). To impose liability upon a manufacturer on the theories of negligence, strict liability, breach of express warranty or breach of implied warranty, a plaintiff must prove that his injury was the proximate result of the defendant's conduct. *American Optical Company v. Weidenhamer*, 457 N.E.2d 181, 183 (Ind.1983).

The piping and the instruction manual are the only two products which Mr. Zepik claims Pleasure Industries manufactured and placed into the stream of commerce. Pleasure Industries denies supplying or producing the piping which was used in the construction of the Davis' pool. It admits production of the instruction manual, but states that the manual is given to dealers only to guide them in the construction of Pleasure Industries Pools, and is not intended to be used by the ultimate consumer.

Mr. Zepik relies upon *Corbin v. Coleco Industries, Inc.*, 748 F.2d 411 (7th Cir. 1984), a case with facts quite similar to those in the present case, with one notable exception. *Corbin* was a products liability action against the manufacturer of an above-ground swimming pool, in which the plaintiff sought damages for personal injuries he sustained when he hit his head on the bottom of the pool during a dive. The

pool was full of four feet of water. Relying on Indiana law, the district court granted the manufacturer's motion for summary judgment, and the plaintiff appealed.

The court of appeals held that summary judgment was improper due to the existence of genuine issues of material fact as to: (1) whether the danger of spinal injury from attempting a flat shallow dive into four feet of water was open and obvious, an issue crucial to the plaintiff's claim for negligent breach of a duty to warn; and (2) whether the above-ground swimming pool contained a defect which was unreasonably dangerous to users, an issue crucial to the strict liability claim.

*Corbin,* however, involved a swimming pool manufactured solely by Coleco Industries. By contrast, the pool in which Mr. Zepik was injured had no single manufacturer, but rather a collection of individual manufacturers, each of whom produced or manufactured only a component part of the pool. Assuming (as the court must for purposes of Pleasure Industries' summary judgment motion), that Pleasure Industries manufactured and placed into the stream of commerce both the piping and the instruction manual, these products were merely component parts of the completed "product", namely the swimming pool.

A manufacturer of a component part may be liable under Indiana law for injuries to an ultimate user or consumer if the defective component foreseeably renders unreasonably dangerous the product in which the component is incorporated. *Black v. Henry Pratt Co.,* 778 F.2d 1278 (7th Cir.1985); *Neofes v. Robertshaw Controls Co.,* 409 F.Supp. 1376 (S.D.Ind.1976); *Shanks v. A.F.E. Industries, Inc.,* 275 Ind. 241, 416 N.E.2d 833 (1981). Further, the plaintiff must show "that the defect was the cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produced the result complained of and without which the result would not have occurred". *Black v. Henry Pratt Co.,* 778 F.2d at 1282–83.

Mr. Zepik contends that the piping and the instruction manual were in a defective

condition unreasonably dangerous to the user because they failed to warn of the dangers of serious spinal injury from diving into a shallow pool.

■ Pleasure Industries' manual dealt with the construction of a pool that had a deep end that would be nearly nine feet deep; the pool in which Mr. Zepik was injured was four feet deep. Mr. Davis stated in his affidavit that he used the manual in part in constructing his pool, and the court must accept that statement as true for purposes of determining this summary judgment motion. Nothing in the record before the court could support an inference, however, that those portions of the instructions that Mr. Davis followed rendered the pool unreasonably dangerous. That the Pleasure Industries manual did not warn adequately of the dangers of the pool Mr. Davis built may be accepted without rendering Pleasure Industries liable: a party may not be held responsible for failing to warn, in a manual for the construction of one product, of the dangers of another product. See *Black v. Henry Pratt Company,* 778 F.2d 1278, 1283 (7th Cir. 1985); see also *Shanks v. A.F.E. Industries, Inc.,* 275 Ind. 241, 416 N.E.2d 833, 838 (1981) ("The need for any warning devices ... would, of course, depend upon the operation of the whole complex, based upon the features of its design. Thus, because the dryer could be incorporated into a variety of grain handling systems, the desirability or need for such devices could be determined only *after* any given type of complex had been chosen and created.").

■ Nothing in the record before the court shows or supports an inference that the piping was in any way defective or dangerous for the use for which it was supplied, or that the piping could cause the injuries complained of. "[There is no duty to warn] with respect to a product which is, as a matter of law, not dangerous." *Black v. Henry Pratt Co., supra; American Optical Company v. Weidenhamer,* 457 N.E.2d 181, 187 (Ind.1983). Mr. Zepik's injuries were related, not to the piping, but rather to the depth of the pool.

Mr. Zepik must do more than show that the piping was part of an unreasonably dangerous pool: "a manufacturer who merely supplies a component part subsequently assembled by another in a manner creating a dangerous condition is not liable to one injured thereby". *Cropper v. Rego Distribution Center, Inc.*, 542 F.Supp. 1142 (D.C.Del.1982). Mr. Zepik has, however, shown no more.

Based on the foregoing, the court finds that no genuine issue of material fact exists with respect to the strict liability claim against Pleasure Industries, and that defendant is entitled to judgment as a matter of law.

### B

■ Similarly, summary judgment is appropriate on the remaining counts. Pleasure Industries had no duty to warn, in its "Vacationer Pools" instruction manual, of the dangers of the pool that Mr. Davis built; accordingly, the failure to warn does not constitute willful and wanton misconduct.

### C

In Indiana, an action for breach of implied warranty may sound either in contract or in tort, depending upon the allegations of the complaint. *Wilson v. Studebaker-Worthington, Inc.*, 582 F.Supp. 383 (S.D.Ind.1983); *Withers v. Sterling Drug, Inc.*, 319 F.Supp. 878, 882 (S.D.Ind.1970); *Wright-Bachman, Inc. v. Hodnett*, 235 Ind. 307, 133 N.E.2d 713 (1956). Mr. Zepik stated, in response to the summary judgment motion, that his claim sounds in contract rather than in tort. Had the implied warranty count sounded in tort, no further inquiry would be required: "Under Indiana law a count based on tortious breach of implied warranty is duplicitous of a count based on strict liability in tort and both counts may not be pursued in the same lawsuit." *Neofes v. Robertshaw Controls Co.*, 409 F.Supp. 1376, 1379 (S.D.Ind.1976); *see also Withers v. Sterling Drug, Inc.*, 319 F.Supp. at 884.

■ While privity of contract is no longer required in an implied warranty action which sounds in tort, it is still a necessary element under Indiana law when the cause of action sounds in contract for breach of warranty. *Neofes v. Robertshaw Controls Co.*, 409 F.Supp. at 1379; *Withers v. Sterling Drug, Inc.*, 319 F.Supp. at 882; *Lane v. Barringer*, 407 N.E.2d 1173, 1175 (Ind. App.1980). Accordingly, Mr. Zepik must show that Glen Davis and Pleasure Industries were in privity of contract and that Mr. Zepik was, therefore, a third-party beneficiary as to Pleasure Industries under I.C. 26-1-2-318. The materials before the court, however, do not allow for an inference of such a relationship between Mr. Davis and Pleasure Industries. See *Candlelight Homes, Inc. v. Zornes*, 414 N.E.2d 980 (Ind.App.1981). The materials before the court show that the parties to the contract for the purchase and installation of the pool were Mr. Davis and Loren's Pool & Supply. There is no indication that Pleasure Industries either contracted with or participated in the sale and construction of the Davis pool. The materials before the court indicate that the only contact Mr. Davis may have had with Pleasure Industries occurred after Mr. Zepik was injured.

Mr. Zepik contends that Indiana courts may be moving away from the requirement of privity in a limited class of cases, for humanitarian purposes. In *Citizens Gas & Coke Utility v. American Economy Ins. Co.*, 486 N.E.2d 998, 1000–1001 (Ind.1985), the Indiana Supreme Court said,

> One who sells a product or does construction work pursuant to a contract with the owner of a building or premises which presents immediate danger to the health and safety of not only the party he contracts with but to other members of the public, can be held liable for resulting injuries even though the third party injured is not privy to the contract.

Even assuming that the foregoing language would release Mr. Zepik from the requirement of privity under appropriate facts, however, Pleasure Industries sold no product that presented immediate danger to the health and safety of members of the

public. As discussed above, neither the manual nor the piping was defective or dangerous; there were no injuries resulting from either product.

■ Summary judgment is also proper with respect to the express warranty claim. IND.CODE 26–1–2–313 sets forth the requirements of an express warranty, and requires some representation, terms, or conditions, or some definite statement as to how a product is warranted. *Candlelight Homes, Inc. v. Zornes*, 414 N.E.2d at 983. The materials before the court do not reflect any warranty by Pleasure Industries with respect to the pool in which Mr. Zepik was injured. Viewed in the light most favorable to Mr. Zepik, the manual makes express warranties, but only as to the safety of the Vacationer Pool and, arguably, any pool made in accordance with the construction instructions in the manual. The Davis' pool, however, was no such pool.

Accordingly, the court finds that no genuine issue of material fact exists with respect to the warranty claims, either express or implied, against defendant Pleasure Industries, and that defendant is entitled to judgment thereon as a matter of law.

### D

■ Pleasure Industries argues that Mr. Zepik's claims under the Consumer Product Safety Act must fail because the Act creates no private right of action for violation of its provisions. The court disagrees and holds that a private cause of action exists for violations of the disclosure requirements of 15 U.S.C. Section 2064. See *Wilson by and through Lincoln Nat'l Bank & Trust Co. of Ft. Wayne v. Robertshaw Controls Co.*, 600 F.Supp. 671 (N.D.Ind. 1985). There can, however, be no violation of the disclosure requirements when there is no duty to disclose. Section 2064(b) provides as follows:

> Every manufacturer of a consumer product distributed in commerce, and every distributor and retailer of such product, who obtains information which

reasonably supports the conclusion that such product—

\*    \*    \*    \*    \*    \*

> (2) contains a defect which could create a substantial product hazard described in subsection (a)(2) of this section,

shall immediately inform the Commission of such ... defect, unless such manufacturer, distributor, or retailer has actual knowledge that the Commission has been adequately informed of such defect....

Mr. Zepik bases his CPSA claim upon Pleasure Industries' alleged knowing and willful failure to disclose a "substantial product hazard" as that term is defined in 15 U.S.C. Section 2064(a)(2). A manufacturer with information that its product contains a defect that could cause a substantial product hazard has a continuing duty to inform the commission of such defect, *United States v. Advance Machine Co.*, 547 F.Supp. 1085 (D.Minn.1982), but the statute creates no corresponding duty to report defects in other manufacturers' products.

■ The pool in which Mr. Zepik was injured was not, based on the record before the court, Pleasure Industries' product; hence Pleasure Industries had no duty to report any defects in that pool to the Commission. Accordingly, no private cause of action will lie for the failure to so report. Pleasure Industries is entitled to judgment as a matter of law on the CPSA claims.

### V

Based on the foregoing, the court finds that the motion for summary judgment filed by defendant Pleasure Industries should be, and hereby is, GRANTED.

SO ORDERED.