Brian K. WILSON, By and Through LINCOLN NATIONAL BANK & TRUST COMPANY OF FORT WAYNE, Guardian of the Estate of Brian K. Wilson, and Ilene Wilson, Plaintiffs,

v.

ROBERTSHAW CONTROLS COMPANY, A Delaware Corporation, Defendants.

No. S 83–312.

United States District Court, N.D. Indiana, South Bend Division.

Jan. 8, 1985.

J. James McKenna, Rockville, Md., Daniel A. Roby, Fort Wayne, Ind., for plaintiffs.

Roland Obenchain, South Bend, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This cause is before the court on the motion to dismiss Count II of plaintiff's complaint for failure to state a claim upon which relief can be granted of defendant, Robertshaw Controls Company (Robertshaw). As a basis for this motion, defendant contends that no private right of action is created for an alleged violation of the non-binding interpretive rules of the Consumer Product Safety Commission (CPSC) under 15 U.S.C. § 2072(a). For the reasons set forth below, defendant's motion to dismiss is denied.

## I.

On June 7, 1979, plaintiff, Brian K. Wilson, sustained second and third degree burns over 90% to 95% of his body as a result of an alleged liquid propane gas explosion and fire in his grandmother's home. Plaintiffs contend that the liquid propane gas escaped from a hot water heater located in the basement of the house as a result of a defect in the control of the hot water heater. Plaintiffs allege that such control was a Unitrol 110 Control containing the date stamp "CX" which was part of a family of controls manufactured by Robertshaw between December 1954 and March 1957 known as Unitrol 110 and 200 Controls.

In addition, plaintiffs state that defendant reported to CPSC, pursuant to § 2064 of the Consumer Product Safety Act, 15 U.S.C. § 2051, et seq. (CPSA), that the controls in question "could" contain a substantial product hazard. Plaintiffs contend that in making such report, defendant failed to provide all necessary information to the CPSC, thereby committing a fraud upon that agency.

Based on these allegations, plaintiffs seek recovery on the following legal theories: (1) (Count I) fraud; (2) (Count II) violation of the provisions of the CPSA; (3) (Count III) breach of express and implied warranty; (4) (Count IV) negligence; (5) (Count V) strict liability in tort; (6) (Count VI) intentional infliction of emotional distress; and (7) (Count VII) loss of familial relationship on the theories set forth in the prior counts.

On April 2, 1984, defendant filed its motion for summary judgment on the statute of limitations question. Plaintiffs response was filed on April 23, 1984. Following a hearing on this motion on April 27, 1984, this court held that plaintiffs' action was governed by the statute of limitations applicable to product liability actions, Ind. Code § 33-1-1.5-5 (1978)[1], but denied de-

fendant's motion on the basis of the existence of a question of material fact with respect to the issue of fraudulent concealment. *See* Memorandum and Order of this Court, June 28, 1984, p. 10. At that time, this court requested the parties to submit briefs under Fed.R.Civ.P. 56 on the issue of a private cause of action under the CPSA and the applicable statute of limitations under the law of Indiana. In response to that request, defendant filed a motion in accordance with Fed.R.Civ.P. 12(b)(6) to dismiss Count II of plaintiff's complaint on September 4, 1984. Plaintiffs' response was filed September 21, 1984. A hearing was held on such motion on November 9, 1984 in South Bend, Indiana.

## II.

### A.

Congress enacted the CPSA in September 1972 in order to create a standardized mechanism for regulating the manufacture and distribution of consumer products. *See* S.Rep. No. 835, 92nd Cong., 2nd Sess., *reprinted in* 1972 U.S.Code Cong. & Admin.News 4573, 4574. The basic thrust of the legislation is to "protect the public against unreasonable risks of injury associated with consumer products." 15 U.S.C. § 2051(b). To further the goals of the Act, Congress created the CPSC which came into existence on May 14, 1973. The CPSC was empowered to promulgate rules to effectuate the purposes of the CPSA. The CPSC has issued rules which may be classified into two major categories: (1) consumer product safety rules, and (2) administrative rules. The former are comprised of rules whose basic function is to halt or restrict the sale or manufacture of consumer products deemed unreasonably dangerous to the public. *Butcher v. Robertshaw Controls Co.*, 550 F.Supp. 692, 695 (D.Md. 1981). The second category of rules of

---

1. The statute of limitations applicable to product liability actions has been cited by parties to this action as Ind.Code § 34-4-20A-5 (1978). This section number is not the official Indiana Code section number. As enacted by Act 1978, P.L. 141, § 28, this section was assigned the number 33-1-1.5-5 but was transferred to 34-4-20A-5 by the compiler of *Burns Indiana Statutes Annotated* as a more appropriate location. *See* Ind.Code § 34-4-20A-1 (Burns Supp.1984), *Compiler's Notes.* This court will cite to the official Indiana Code section in this opinion.

facilitates the administration of the CPSC and its statutory duties. Crucial among these is the subset of regulations comprising the disclosures rules. *Id.*

The disclosure provisions are found generally in 16 C.F.R. § 1115. As set out in § 1151.1, the purpose of the regulations is to interpret the reporting requirements imposed on manufacturers, distributors and retailers by 15 U.S.C. § 2064(b)[2] and to indicate the actions and sanctions which the Commission may require or impose to protect the public.

In this case plaintiffs allege that defendant failed to comply with the reporting provisions of the CPSA and 16 C.F.R. § 1115 *et seq.* Specifically, plaintiffs contend that defendant notified the CPSC on April 18, 1974 that the Unitrol Models 110 and 200 might have a defect that could create a potential hazard. Plaintiffs argue that such report was inadequate in that defendant was aware of numerous deaths and accidents which occurred prior to April 1974 as a result of an inherent defect in the Unitrol Models 200 and 110 and base their right to recovery on 15 U.S.C. § 2072 (1972).

Defendant argues that the allegations as set forth in plaintiffs' complaint do not state a private right of action cognizable under federal law because neither section 2064(b) nor 16 C.F.R. § 1115 *et seq.* rise to the level of a "consumer product safety rule, or any other rule order issued by the Commission."

The provision of the CPSA upon which plaintiffs premise their right to recovery states as follows:

Any person who shall sustain injury by reason of any knowing (including willful) violation of a consumer product safety rule or any other rule or order issued by the Commission may sue any person who knowingly (including willfully) violated any such rule or order in any district court of the United States in the district in which the defendant resides or is found or has an agent, shall recover damages sustained, and may, if the court determines it to be in the interest of justice, recover the costs of suit, including reasonable attorneys' fees (determined in accordance with section 2060(f) of this title) and reasonable expert witnesses' fees: *Provided,* That the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, unless such action is brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity.

15 U.S.C.A. § 2072(a) (West 1982).

The controversy between the parties of this action revolves around that portion of the provision that reads "violation of a consumer product safety rule, or any other rule or order issued by the Commission." Defendant strenuously contends that plaintiffs' claim to a private right of action under the CPSC must fail because the reporting provisions of 16 C.F.R. § 1115 *et seq.* are interpretive rules which set out an agency's view of the obligations imposed by a regulatory scheme but are not legally binding and enforceable.

██ Defendant has raised this argument, though couched in different terms, before other courts who had before them the identical issue of the existence of a private cause of action under 15 U.S.C. § 2072(a). The courts in both *Young v. Robertshaw Controls Co.,* 560 F.Supp. 288 (N.D.N.Y.1983) and *Butcher v. Robertshaw Controls Co., supra,* rejected defendant's

---

2.  15 U.S.C. § 2064 reads as follows:

(b) Every manufacturer of a consumer product distributed in commerce, and every distributor and retailer of such product, who obtains information which reasonably supports the conclusion that such product—

(1) fails to comply with an applicable consumer product safety rule; or

(2) contains a defect which could create a substantial product hazard described in subsection (a)(2) of this section,

shall immediately inform the Commission of such failure to comply or of such defect, unless such manufacturer, distributor, or retailer has actual knowledge that the Commission has been adequately informed of such defect or failure to comply.

15 U.S.C.A. § 2064 (West 1982).

argument relying primarily on the unambiguous language of section 2072(a) itself. *Young,* 560 F.Supp. at 292, 294; *Butcher,* 550 F.Supp. at 698. Judge Miner, in *Young,* stated:

Defendant's contention that 16 C.F.R. § 1115, an "interpretive" rule, is not a "rule" within the meaning of the Administrative Procedure Act, 5 U.S.C. § 551, et seq. (Supplemental Memorandum of Law Number One, p. 10), is wholly without merit. Title 5 U.S.C. § 551(4) provides:

"rule" means the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency ....

"The breadth of this definition cannot be gainsaid." *Batterton v. Marshall,* 648 F.2d 694, 700 (D.C.Cir.1980). Clearly, an "interpretive rule," like the disclosure requirement here, is a rule within the meaning of the APA. Moreover, as indicated above, there is no indication in the language of § 2072 that interpretive rules were intended to be excluded from the operation of that section's provisions. This Court, therefore, is still not persuaded that § 2072 should be construed in the restrictive manner suggested by defendant.

*Young,* 560 F.Supp. 292–93 n. 8.

This court concurs with the reasoning and results of the *Butcher* and *Young* courts. The language of the statute at issue is plain and straightforward and the words, therefore, must be accorded their plain meaning. *See also Swenson v. Emerson Electric Co.,* 356 N.W.2d 313 (Minn.Ct.App. 1984). Section 2072, by its express terms, provides plaintiff in this case with a private remedy.[3]

**B.**

Having established that a private right of action does exist for the violation of the disclosure provisions of the CPSA found at 15 U.S.C. § 2064 (and amplified by the regulations at 16 C.F.R. 1116 *et seq.*), the court turns to the question of the proper statute of limitations to govern this claim under the CPSA. In its memorandum and order of June 28, 1984, this court found that, under Indiana law, this action is governed by Ind.Code § 33–1–1.5–5 which provides in part:

[A]ny product liability action must be commenced within two (2) years after the cause of action accrues or within ten (10) years after the delivery of the product to the initial user or consumer....

It denied, however, defendant's motion for summary judgment on the basis of the existence of a question of material fact on the issue of fraudulent concealment and invited the parties to brief further the applicable statute of limitations with respect to the CPSA claim.

Pursuant to that request, plaintiffs submitted a brief advocating the adoption of either Ind.Code § 34–1–2–5 [4] or Ind.Code § 34–1–2–1.[5]

■ The court now reaffirms its earlier holding. Irrespective of the plaintiffs' pleading labels and theories of recovery, the court finds this to be a products liabili-

---

**3.** In *Morris v. Coleco Industries,* 587 F.Supp. 8 (E.D.Va.1984), Judge Warriner held that no private claim exists for a failure to disclose under 15 U.S.C. § 2064. He opined that sections 2069 and 2070, providing for civil and criminal penalties, are the sole means for enforcing the disclosure requirements of section 2064. He further stated that the requirement to disclose is not a requirement based upon a rule or order of the Commission but rather a requirement predicated upon the statute itself. *Id.* at 9. This is a conclusion with which this court cannot agree.

**4.** Ind.Code § 34–1–2–5 reads:

Any person being under legal disabilities when the cause of action accrues may bring his action within two (2) years after the disability is removed.
Ind.Code § 34–1–2–5 (West 1983).

**5.** Ind.Code § 34–1–2–1 provides in part:

The following actions shall be commenced within six (6) years after the cause of action has accrued, and not afterwards.

Fourth. For relief against frauds.
Ind.Code § 34–1–2–1 (West 1983).

ty action and, thus, Ind.Code § 33–1–1.5–5 is the applicable statute of limitations. *Tolen v. A.H. Robins Co., Inc.,* 570 F.Supp. 1146, 1155–56 (N.D.Ind.1983); *Shideler v. Dwyer,* 275 Ind. 270, 417 N.E.2d 281, 285–87 (1981).

■ In addition to its earlier finding that there is a genuine issue of fact as to whether there has been a fraudulent concealment of certain facts that would excuse the application of Ind.Code § 33–1–1.5–5, *see* Memorandum and Order of this court, June 28, 1984, p. 10, this court finds further support for precluding summary judgment against the consumers under the products liability statute in *Whittaker v. Federal Cartridge Corp.,* Ind.App., 466 N.E.2d 480 (1984).

In *Whittaker,* plaintiffs brought a products liability action against the manufacturers of rifles and ammunition for injuries received while using the rifle. The trial court granted summary judgment, ruling that the ten year statute of limitations began to run when the manufacturers delivered the rifle and ammunition to retailers, which was thirty-four years and thirteen years, respectively, before the plaintiffs filed the complaint.[6] *Id.* at 481.

The Court of Appeals of Indiana reversed, holding that the trial court misinterpreted the meaning of Ind.Code § 33–1–1.5–5, thus finding that there existed a genuine issue of fact as to whether the plaintiffs' complaint was timely filed. The Court stated:

> The plain meaning of the statute is that the period of limitations commences at the time the product is delivered from the manufacturer, wholesaler, retailer, or distributor to the first consuming entity. It is clear from the statutory language and definitions that the term "seller," which "includes a manufacturer, a wholesaler, a retail dealer, or a distributor,"

and the term "user or consumer" are mutually exclusive .... The term "seller" encompasses not only manufacturers but also intermediaries. "User or consumer" does not.

> *Id.* at 482.

The facts in this case are strikingly similar to those in *Whittaker.* In their response to defendant's motion for summary judgment, plaintiffs indicated that they could not agree with the statement appearing in defendant's Rule 56 motion that it is undisputed that the Unitrol Model 110 control involved in the case was not manufactured or sold after March 1957. Although they would stipulate that the control at issue was manufactured during the month of March 1956, plaintiffs' had no knowledge of the date of sale to the "initial user or consumer." Plaintiffs theorize that the control was sold in 1956 or 1957 to an original equipment manufacturer and they, like the Court in *Whittaker,* conclude that the original equipment manufacturer could not be considered the "initial user or consumer" of Ind.Code § 33–1–1.5–5. Although plaintiff, Brian K. Wilson's grandmother purchased the hot water heater approximately one year prior to the accident, that evidence, of and by itself, does nothing to clarify who the "initial user or consumer" was in this purchase. Thus, although this court finds Ind.Code § 33–1–1.5–5 to be the applicable statute of limitations, the issue of fact as to whether the complaint in this action was timely filed precludes its application to this case.

#### C.

The final issue to be addressed by this court is whether defendant is estopped from litigating the question of whether 15 U.S.C. § 2072(a) creates a private federal right of action for consumers who claim injury as a direct result of an alleged violation of a rule of the CPSC on the basis of

---

**6.** The plaintiffs' complaint was filed in August 1982. Marlin Firearms manufactured the rifle in 1947 and sold it to jobbers and retailers in 1948. Plaintiff Delbert Whittaker's mother purchased the rifle in 1977 or 1978 from an estate. Federal Cartridge manufactured the ammunition in 1968 and sold it to retailers in 1969. Delbert Whittaker purchased the ammunition from a retailer in 1973. *Whittaker v. Federal Cartridge Corp.,* Ind.App., 466 N.E.2d 480, 481 (1984).

offensive collateral estoppel. Plaintiffs premise their argument on the theory that an agency relationship exists, as a creature of the statute, between the CPSC and members of the consuming public alleging fraud practices on the commission. *Butcher,* 550 F.Supp. at 703. Hence, characterizing the CPSA as the same agent for all plaintiffs alleging fraud on the CPSC by Robertshaw, defendant contends that this court is bound by the decisions of other federal courts who have ruled that 15 U.S.C. § 2072(a) does indeed create a private right of action under the CPSA for individual consumers. *See Payne v. A.O. Smith Corp.,* 578 F.Supp. 733 (S.D.Ohio 1983)[7]; *Young, supra; Butcher, supra.*[8]

This court does not believe that the application of collateral estoppel is proper in this case. Plaintiffs seek to preclude not the redetermination of a factual question but the consideration of a purely legal issue, i.e. whether a private cause of action exists under 15 U.S.C. § 2072(a) for an alleged violation of a CPSC reporting rule.

■ Under the doctrine of collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979). The goals behind such policy are to protect parties from the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions. *Montana v. United States,* 440 U.S. 147, 153–54, 99 S.Ct. 970, 973–74, 59 L.Ed.2d 210 (1979).

■ There are, however, special circumstances that warrant an exception to the normal rules of preclusion. One such exception is that which applies to "unmixed

questions of law." The Supreme Court of the United States has summarized this exception as follows:

> Where, for example, a court in deciding a case has enunciated a rule of law, the parties in a subsequent action *upon a different demand* are not estopped from insisting that the law is otherwise, merely because the parties are the same in both cases. But a *fact, question* or *right* distinctly adjudged in the original action cannot be disputed in a subsequent action, even though the determination was reached upon an erroneous view or by an erroneous application of the law.

*Montana,* 440 U.S. at 162, 99 S.Ct. at 978 citing *United States v. Moser,* 266 U.S. 236, 242, 45 S.Ct. 66, 68, 69 L.Ed. 262 (1924). (citations omitted)

■ Though there is some subject matter similarity between this case and *Payne, Young* and *Butcher,* the question of the existence of a private right of action under 15 U.S.C. § 2072 remains a purely legal question subject to various interpretations by courts. The Court of Appeals for the Seventh Circuit has never determined whether a private right of action under the CPSA exists for alleged violations of the reporting regulations of the Commission. Moreover, the courts that have addressed this issue are in conflict. Although a federal district court in Maryland held that a private claim could be stated under the CPSA, *Butcher, supra,* another federal trial court in the same circuit came to a different conclusion. *See Morris v. Coleco Industries,* 587 F. 8 (E.D.Va.1984) (no private claim can be stated for an alleged violation of the disclosure requirements of 15 U.S.C. § 2064). To invoke the doctrine of collateral estoppel as plaintiffs suggest would have the effect of precluding reargument of questions of law that would be open to challenge by other litigants. 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction*

---

**7.** Robertshaw was not a party to this action.

**8.** Plaintiffs also rely on the opinion of United States Magistrate David L. Piester in *Guest v. Robertshaw,* No. 83–0–451, 52, 53, 54, 55, 487

(D.Neb. June 8, 1984) where collateral estoppel was applied against Robertshaw on the private right of action issue.

§ 4425 at p. 244 (1981). Such a result is patently unjust.

Notwithstanding this court's position on plaintiffs' use of offensive collateral estoppel against defendant, as indicated above, it is persuaded by the reasoning in the *Young* and *Butcher* opinions that a private right of action does exist for violations of disclosure requirements of 15 U.S.C. § 2072 and concurs with that result.

Accordingly, for all the reasons stated above, it is the order of this court that the motion to dismiss Count II of plaintiffs' complaint for failure to state a claim upon which relief can be granted of defendant, Robertshaw Controls Company, be, and is hereby, DENIED. SO ORDERED.