724 F.Supp. 44 (1989)
Jeffrey BROWN, Plaintiff,
v.
DAISY MANUFACTURING COMPANY, Defendant.
No. 88-CV-997.
United States District Court, N.D. New York.
November 8, 1989.
*45 Setright & Ciabotti, Syracuse, New York (Victor J. Ciabotti, of counsel), for plaintiff.
Smith, Sovik, Kendrick, Schwarzer & Sugnet, P.C., Syracuse, New York (Laurence F. Sovik, of counsel), for defendant.

MEMORANDUM DECISION AND ORDER
McAVOY, District Judge.

FACTS
The following facts do not appear to be in dispute. On April 14, 1982 at about 8 p.m., Robert Conroy, then 13 years old, pointed a Daisy Model 25 Air Rifle in the direction of Jeffrey Brown who was then 12 years old and playing hide and seek with Robert Conroy's sister. The gun accidentally went off and Brown was shot in the eye with a BB. The gun, manufactured by defendant Daisy Manufacturing Company and purchased in 1962 had no safety. As a result of the injury, Jeffrey Brown lost his left eye.
The plaintiffs brought the present action in the district court against Daisy under the Consumer Product Safety Act alleging that the gun was defective because it lacked a safety mechanism and the defect created a substantial product hazard. The plaintiff alleges that the rules of the Consumer Product Safety Commission require every manufacturer of a consumer product distributed in commerce who obtains information which reasonably supports the conclusion that the product either fails to comply with applicable consumer product safety rules or contains a defect which could create a substantial product hazard, immediately inform the commission. By failing to inform the Commission, the complaint continues, the Commission was prevented from requiring that the manufacturer recall the gun and/or modify it and further give notice to the public of the defect so that they could be aware of the fact that the gun lacked a safety. The facts as alleged constitute a violation of the reporting requirements of the Consumer Product Safety Act (hereinafter "CPSA") contained in 15 U.S.C. § 2064(b), and reporting rules of the Consumer Product Safety Commission (hereinafter "CPSC"), 16 C.F.R. § 1115.12(c) and (e) (1987).
The plaintiff also contends that in addition to the missing safety, the gun was also defective because there were no warnings on it that it did not have a safety; and the public should have been warned that the gun should only be used with and under adult supervision; and that it should not under any event be cocked until ready to fire; and that it should not be used by anyone under 16 years of age; and lastly that the Model 25 could fire if bumped, jarred or dropped.

*46 ISSUES
The questions presented in this case are: (1) whether section 23(a) of the Consumer Product Safety Act, 15 U.S.C. § 2072(a) (1982), creates a private right of action for an injury resulting from noncompliance with the product hazard reporting rules issued by the Consumer Product Safety Commission; (2) whether there is a sufficient causal connection between the alleged injury and the defendant's asserted unlawful conduct to impose liability against the defendant for the alleged violation; and (3) whether this plaintiff has stated a cause of action under the reporting rules since the gun which caused the accident was sold in 1962, ten years prior to the enactment of the CPSA and twelve years prior to the adoption of reporting rules. We conclude that while a private right of action does exist, there is no causal connection sufficient in this case to warrant such action. In addition, the Court does not reach the issue of whether the plaintiff's claim is barred due to the fact that the gun was manufactured prior to either the enactment of the CPSA or the adoption of reporting rules. This Court, therefore, directed a verdict in favor of the defendant at the close of plaintiff's case.

DISCUSSION
The CPSA provides a private right of action to any person injured "by reason of any knowing (including willful) violation of a consumer product safety rule, or any other rule or order issued by the Commission." 15 U.S.C. § 2072(a). Consumer product safety rules are defined in the Act as rules that set safety standards or that ban products as hazardous. Id. § 2052(a)(2). The complaint in the present case alleges that Daisy violated Commission rules that required them to report to the CPSC the fact that they manufactured a BB gun for sale to children and this gun, inter alia, does not contain a safety which makes it defective and creates a substantial product hazard. The complaint further alleges that Daisy had such information available to them reasonably supporting this conclusion. See 16 C.F.R. §§ 1115.12(c) and (e). Whether the CPSC grants a private right of action under the Commission's reporting rules now becomes the focus of our discussion.
In Drake v. Honeywell, Inc., 797 F.2d 603 (8th Cir.1986), the Eighth Circuit noted that the basic duty to report is imposed by the statute itself. The court held that since Congress provided a private right of action only for violation of Commission rules rather than for violation of the Act itself, and since the rules set forth in § 1115 merely specify the terms and conditions under which reports are to be made, no private right of action should be inferred under these rules. The Drake court felt that the purpose of 16 C.F.R.Part 1115 is merely to set forth the Commission's interpretation of the reporting requirements imposed by Congress under section 15(b) of the Act, in order to provide guidance to those whose conduct may be governed by the statute. The court also distinguished between interpretive rules and legislative or substantive rules by defining the former as ones not establishing legally enforceable obligations which, therefore, cannot be violated. Accord Zepik v. Ceeco Pool & Supply, Inc., 118 F.R.D. 455, 459 (N.D.Ind.1987).
On the other hand, in Young v. Robertshaw Controls Co., 560 F.Supp. 288 (N.D. N.Y.1983), relied on by this court in Kelsey v. Muskin Inc., 86-CV-757, 1987 WL 17075, aff'd on other grounds, 848 F.2d 39 (2d Cir.1988), Judge Miner, then District Court Judge ruled that although the rules set forth in § 1115 "reiterate" the statutory duty to disclose, the reference in § 2072(a) to "any other rule" authorizes a private right of action under § 1115. Accord Wilson v. Robertshaw Controls Co., 600 F.Supp. 671, 675 (N.D.Ind.1985); Butcher v. Robertshaw Controls Co., 550 F.Supp. 692, 698-99 (D.Md.1981). Thus, it becomes obvious that the statutory interpretation question has divided the courts that have considered it.
It is this court's position that a private right of action does lie for a violation of Commission rules, thereby holding consistent with Judge Miner in Wilson. This court, however, draws its conclusion using *47 reasoning different than did the court in Wilson. The mechanism by which this court determines that a private right of action exists is not the "any other rule" language of § 2072(a), but is in the text of reporting rule § 1115.10 itself.
Section 23(a) of the Consumer Product Safety Act, 15 U.S.C. § 2072(a) (1982), by its terms clearly permits a private cause of action for the violation of "a consumer product safety rule, or any other rule or order" issued by the Commission. The Act defines "consumer product safety rule," 15 U.S.C. § 2052(a)(2), but does not define the scope of the "other rule" provision. Regardless, the reporting rules issued by the Commission, whether legislative or interpretive, are patently within the plain meaning of the word "rule." Therefore, it would appear from the language of section 23(a) that a failure to comply with the reporting rules gives rise to a private cause of action.[1]
Our analysis, however, of whether the statute permits a private right of action only begins with the statutory language, and must ultimately depend on the congressional intent. Universities Research Association, Inc. v. Coutu, 450 U.S. 754, 770, 101 S.Ct. 1451, 1461, 67 L.Ed.2d 662 (1981). "`[A] thing may be within the letter of the statute and yet not within its spirit, or within the intention of its makers.'" United Steelworkers of America v. Weber, 443 U.S. 193, 201, 99 S.Ct. 2721, 2726, 61 L.Ed.2d 480 (1979) (quoting Church of the Holy Trinity v. United States, 143 U.S. 457, 459, 12 S.Ct. 511, 512, 36 L.Ed. 226 (1892)). To discover that intention we must not fix on a single word or sentence, but must examine the law as a whole. Panama Refining Co. v. Ryan, 293 U.S. 388, 439, 55 S.Ct. 241, 256, 79 L.Ed. 446 (1935) (Cardozo, J., dissenting). While section 23(a) states that a private right of action may flow from a violation of a rule, it does not similarly provide for private actions based on a violation of the statute itself. Ordinarily, when a federal statute explicitly creates a private cause of action, it does so for violations of its own provisions, not just for violations of rules that may be issued pursuant to those provisions. Therefore, the only logical conclusion that can be drawn from this most obvious omission is that Congress has intentionally withheld from private persons the right to seek damages based on an injury resulting from the violation of the statute.
Section 15(b) of the statute specifically requires reporting of substantial product hazards. Applying the plain meaning of the "rule" to the Commission's substantial product hazard reporting rules, renders privately enforceable the reporting requirement contained in section 15(b) of the statute. At first glance, this seems to be inconsistent with the congressional intent, expressed by the omission of section 23(a), to deny a private cause of action to those injured from a violation of the statute itself. It becomes clear, however, after an examination of the text of section 15(b) in conjunction with section 1115 that such is not the case. While section 15(b) requires reporting of substantial product hazards, it is 16 C.F.R. section 1115 that provides the rules that must be complied with when a "manufacturer ... distributor, or retailer of a consumer product" reports such a product hazard. Also contained in section 1115, however, is language that can only be termed analogous to that language contained in 15 U.S.C. § 2064. Section 1115.10 repeats almost verbatim the statutory language contained in § 2064 and reiterates the reporting requirements contained therein. While it is convenient to ignore the likelihood that the intent was to provide a right of action by including this requirement as part and parcel of the text of the reporting rules, to do so would be to turn the plain meaning of the statute upside down. It is clear that Congress intended to create a private right of action for a violation of any reporting rule contained in section *48 1115, therefore, a private right of action lies in this case.
In section 1115.10 the rule includes those persons who must report and states:
"[e]very manufacturer (including importer), distributor, or retailer of a consumer product that has been distributed in commerce who obtains information that such consumer product contains a defect which could create a substantial risk of injury to the public shall immediately notify the Product Defect Correction Division, ..., or such other persons as may be designated."
This may be compared to the language of § 2064(b) which states that:
"[e]very manufacturer of a consumer product distributed in commerce, and every distributor and retailer of such product, who obtains information which reasonably supports the conclusion that such product ... fails to comply with an applicable consumer product safety rule; or ... contains a defect which could create a substantial product hazard as described in subsection (a)(2) of this section, shall immediately inform the Commission of such failure to comply or of such defect, unless such manufacturer, distributor, or retailer has actual knowledge that the Commission has been adequately informed of such defect or failure to comply.
Section 2072 provides a private right of action to "any person who shall sustain injury by reason of any knowing (including willful) violation of a consumer product safety rule, or any other rule or order issued by the Commission ...". Clearly 16 C.F.R. Part 1115 (1985) contains those rules promulgated by the Commission which elaborate on the statutory reporting requirement. And one cannot argue that the plain meaning of the statute provides a private right of action for a violation of any reporting rule. Therefore, a private right of action lies on behalf of any person against "[e]very manufacturer ... distributor, or retailer of a consumer product that has been distributed in commerce who obtains information that such consumer product contains a defect which could create a substantial risk of injury to the public" and fails to notify the Commission.
In conclusion, section 23(a) by its terms permits a private cause of action for the violation of "a consumer product safety rule, or any other rule or order" issued by the Commission. The Act defines "consumer product safety rule," 15 U.S.C. § 2052(a)(2), but does not define the scope of the "other rule" provision. Nonetheless, the reporting rules issued by the Commission, whether legislative or interpretive, are patently within the plain meaning of the word "rule". Therefore, it appears from the language of section 23(a) that a failure to comply with the reporting rules gives rise to a private cause of action.
Since we have determined that a private right of action does indeed exist in this case, we can now move on to the next stage of our analysis. An injured person may not recover under the Act unless his injury occurred "by reason of" a rule violation. 15 U.S.C. § 2072(a). Where the alleged violation is a failure to disclose, the "by reason of" requirement means that there must be a causal connection between the injury and the nondisclosure. In light of the undisputed facts, we find that the plaintiff cannot establish that his injuries occurred "by reason of" any failure to disclose. See e.g. Kelsey v. Muskin Inc., 848 F.2d 39, 42 (2d Cir.1988); Caraballo v. United States, 830 F.2d 19, 22-23 (2d Cir. 1987).
Plaintiffs claim that the defendant, Daisy Manufacturing Company, violated § 1115 by not disclosing unfavorable information about the air rifle, the dangers associated with its use, and its lack of any safety mechanism prior to the accident. Plaintiffs claim that this information showed that this product was a "substantial product hazard" as that term is defined under the Act. Plaintiffs allege that the failure to notify the Commission of known defects in the air rifle caused his injury.
Under the Act, a product defect (and subsequent injuries resulting therefrom) is prevented through Commission action. This action is possible only after formulation of consumer product safety rules or *49 similar orders governing particular products or conduct. Under this grant of power by Congress, the Commission is required to follow detailed administrative procedures before establishing standards regulating product usage and will only do so only where such is reasonably necessary to prevent or reduce an unreasonable risk of injury associated with a given product. 15 U.S.C. §§ 2058, 2056(a).
An analysis of the Act makes it clear that a violation of a disclosure rule such as 16 C.F.R. § 1115 does not per se establish that the product in question presented an unreasonable or substantial risk of harm requiring Commission regulation. Only the Commission can reach such conclusions after hearings are held on these issues. 15 U.S.C. §§ 2058(d)(2), 2064. A violation of a disclosure rule, therefore, does not establish that the Commission would have regulated a suspect product and thereby prevented injury had the violators properly disclosed information.
The disclosure guidelines set forth in 16 C.F.R. § 1115 elaborate on 15 U.S.C. § 2064, which is the Act's statutory disclosure provision. Disclosure of information regarding possible product defects results in Commission action only if the Commission finds the products: (1) violate an existing consumer product safety standard, or (2) contain a defect creating a "substantial product hazard" as that term is defined in § 2064(a)(2). See 15 U.S.C. § 2064(b). Since the air gun lacking a safety mechanism in this case were not banned as "banned hazardous products" or governed by a consumer product safety standard, the Commission could not have ordered the withdrawal, replacement or repair of these products without finding that they constituted substantial product hazards. To prove causation between the plaintiff's injuries and the defendant's alleged failure to disclose information, sufficient to impose liability under the "by reason of" standard, the plaintiff's must show that the Commission would have: (1) held hearings had the alleged violations of 16 C.F.R. § 1115.1 et seq. not occurred; (2) found the suspect products to constitute "substantial product hazards" as defined in § 2064(a)(2), and (3) promulgated a rule or order effectively eliminating the product defects in the air gun, or in this case ordering a total recall of air guns lacking a safety (in this case it is unclear as to whether the defendant still produced any air guns without a safety mechanism, and therefore whether or not the Commission could eliminate the defect by order is also unclear).
In any case, causation requires a rational relationship between cause and effect. Constitutional or Article III standing will never tolerate speculation or a mere possibility as a basis for connecting an injury with a breach of duty. The facts of this case demonstrate a lack of causal connection between the alleged violation of § 1115 and the plaintiff's injuries sufficient to meet the "by reason of" requirement imposed in the statute. To connect these events the plaintiff must supply the decision that the Consumer Product Safety Commission would have made had there been a prior disclosure under § 1115. This element is lacking and cannot be supplied to cure the causation defect which prevents recovery by the plaintiff in this case.
Lastly, we are left with the issue of whether, given that a private right of action does exist under these rules, the plaintiff has stated a claim under them since the air gun which caused the injury in question was purchased in 1962, ten years prior to the enactment of the CPSA and twelve years prior to adoption of reporting rules. While this court realizes that an answer to the question of whether these rules apply retroactively, or whether the defendant had a duty to report at some time between the rules effective date and the date of the injury may sometime become necessary, we need not provide that answer at this time.
For all the foregoing reasons, the direction of a verdict was properly granted in favor of the defendant, Daisy Manufacturing Company.
IT IS SO ORDERED.
NOTES
[1] See, e.g., Wilson v. Robertshaw Controls Co., 600 F.Supp. 671, 675 (N.D.Ind.1985); Payne v. A.O. Smith Corp., 578 F.Supp. 733, 738 (S.D. Ohio 1983); Young v. Robertshaw Controls Co., 560 F.Supp. 288, 292-93 (N.D.N.Y.1983); Butcher v. Robertshaw Controls Co., 550 F.Supp. 692, 698-99 (D.Md.1981).