CANDLELIGHT HOMES, INC.,
Non-participating Appellant,

Fairmont Homes, Inc.,
Defendant-Appellant,

v.

Thurston ZORNES, Stella Zornes,
Plaintiffs-Appellees.

No. 1-1279A362.

Court of Appeals of Indiana,
First District.

Jan. 27, 1981.

Charles S. Brown, Jr., Nancy S. Brown, New Castle, for Fairmont Homes, Inc.

James R. White, New Castle, for plaintiffs-appellees.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

This is an appeal from an adverse judgment in the Jennings Circuit Court by defendant-appellant Fairmont Homes, Inc. (Fairmont), after a trial by a jury, in a suit for breach of an implied warranty of fitness of a mobile home brought by plaintiffs-appellees Thurston Zornes and Stella Zornes (Zorneses).

We reverse.

## STATEMENT OF THE FACTS

The evidence most favorable to support the judgment, and necessary for this decision, is as follows: On April 24, 1973, Zorneses purchased a mobile home from Candlelight Homes, Inc. (Candlelight). Candlelight was engaged in the business of selling mobile homes at retail and was an authorized dealer for Fairmont, a manufacturer of mobile homes. In addition, Candlelight sold mobile homes of other manufacturers. Zorneses went through a model Fairmont mobile home sitting on Candlelight's premises, and looked at Fairmont's literature. Later Zorneses entered into a written contract with Candlelight to purchase a mobile home like the model. The contract was wholly with Candlelight, and the only mention of Fairmont in it was that the mobile home was a "Fairmont." Candlelight submitted an order for the mobile home to Fairmont and Fairmont delivered the one in dispute to Candlelight. Candlelight, pursuant to its contract, delivered it

to Zorneses' real estate and installed it. There was no evidence that Fairmont, up to this point, ever had any dealings with Zorneses. It manufactured the mobile home, sold it to Candlelight, and Candlelight, its authorized dealer, sold it to Zorneses.

Evidence disclosed that the mobile home had numerous defects. There was no evidence of any particular act on the part of Fairmont which caused the defects. The defects were simply there. Some evidence was presented by Fairmont that Candlelight had damaged the mobile home in delivery. Notice of the defects was given Fairmont; its agents made some repairs, and offered to make others, but they were never undertaken. Zorneses, being dissatisfied with the result, filed suit against both Candlelight and Fairmont. Sometime after the sale, but before trial, Candlelight was discovered to be defunct and out of business, and Zorneses proceeded solely against Fairmont. Their amended complaint, upon which the case was tried, was on the stated theory of breach of implied warranty of fitness. From a judgment in favor of Zorneses, Fairmont appeals.

## ISSUES

Fairmont asserts three errors upon review:

"I. The evidence did not establish a breach of warranty on the part of Fairmont.

II. There was no evidence of negligence on the part of Fairmont.

III. The damages assessed against Fairmont were not within the scope of the evidence."

We find no issue of negligence as raised in Issue II, nor any evidence of negligence on the part of Fairmont on the record. Zorneses, in their brief, do not argue any issue of negligence to support their judgment. Therefore, we abandon any discussion of negligence. Insomuch as our decision on Issue I is dispositive, we will not discuss Issue III.

## DISCUSSION AND DECISION

Zorneses proceeded in trial court upon the theory of implied warranty. The Uniform Commercial Code contains two sections creating implied warranties. Ind. Code 26–1–2–314 provides for an implied warranty of merchantability if the seller is a merchant. Ind.Code 26–1–2–315 establishes an implied warranty of fitness for a particular purpose. This latter section is applicable where the seller at the time of the sale or contract has reason to know that the buyer is relying on the seller's skill or judgment. The version of the U.C.C. enacted by the Indiana General Assembly does not answer the question of whether privity is required to permit recovery under an implied warranty from a remote seller, or, as in this case, the manufacturer. This is the crux of the issue raised by the appeal. White and Summers, Uniform Commercial Code, at 333 (1972), recites the following:

"The courts are split on whether a plaintiff may recover economic loss (loss of bargain and loss of profits) from a seller with whom he did not deal and who made no express warranties to him. The majority deny recovery in these circumstances, but a healthy minority permits recovery." (Footnotes omitted.)

The Indiana courts have adopted the majority view. In *Thompson Farms, Inc. v. Corno Feed Products, etc.*, (1977) 173 Ind. App. 682, 366 N.E.2d 3, the court, after assuming the majority view, permitted the plaintiff to recover on an implied warranty where it was shown that the contractual arrangements between the manufacturer and the dealer created an agency relationship, and where it was further shown that the manufacturer's agents participated significantly in the sale by means of advertising and personal contact with the buyer. Under those circumstances the court held that the manufacturer became a seller within the expectations of Ind.Code 26–1–2–314.

*Thompson Farms, Inc., supra,* was followed in *Richards v. Goerg Boat and Motors, Inc.,* (1979) Ind.App., 384 N.E.2d 1084. Involved there was a defective boat.

Though sold by a dealer, the manufacturer's agents participated significantly in the sale by engaging in personal contact with the buyer, giving demonstrations, and attempting to adjust the loss. The court stated the Indiana position on privity as follows:

"Generally privity extends to the parties to the contract of sale. It relates to the bargained for expectations of the buyer and seller. *Dagley v. Armstrong Rubber Company* (7th Cir. 1965), 344 F.2d 245. Accordingly, when the cause of action arises out of economic loss related to the loss of bargain or profits and consequential damages related thereto, the bargained for expectations of buyer and seller are relevant and privity is still required between them. White and Summers, Uniform Commercial Code 1972 Ed."

384 N.E.2d 1092. The court then, following *Thompson Farms, Inc., supra,* held that the participation in the sale by the manufacturer was sufficient to bring it into the transaction as a seller within the requirements of Ind.Code 26–1–2–314 and Ind.Code 26–1 2 315.

Finally, in *Lane v. Barringer,* (1980) Ind. App., 407 N.E.2d 1173, this court said at page 1175:

"Clearly, privity of contract is no longer required if a personal injury action for a defective product when the action sounds in tort; either on a negligence theory or on the theory of strict liability in tort. [Citations omitted] However, the abrogation of the privity requirement in tort law has not eliminated the privity requirement when the cause of action sounds in contract for breach of warranty. [Citations omitted]."

In summary, we conclude that since Zorneses' suit was for breach of implied warranty for loss of bargain, privity must be shown, or facts must be present to bring their case within the exceptions of *Thompson Farms, Inc., supra* (agency) or *Richards, supra* (participation in the sale). This they have not done. The record merely shows a manufacturer-dealer relationship between Fairmont and Candlelight.

■ However, Zorneses, in a two page argument addressed to this issue without citation of any authority, do not attempt to refute, or distinguish the above authorities requiring privity in a breach of warranty action. Instead, they state, without cogent argument, that the case was tried under the theory of express warranty running from Fairmont to Zorneses. Examination of the record discloses that Zorneses' amended complaint charges "failure in the implied warranty of fitness," which presumedly is under Ind.Code 26–1–2–315. The only instruction, out of a total of four given, addressed to any theory of action, recited, verbatim, Ind.Code 26–1–2–315 on implied warranty of fitness for a particular purpose. No express warranty running from Fairmont to Zorneses appears in the evidence. A search of the transcript discloses two passing references to the existence of a Fairmont warranty, without any discussion of its terms, or limitations. Apparently counsel for Zorneses did not deem it relevant at the time. Ind.Code 26–1–2–313 sets forth the requirements of an express warranty:

"(1) Express warranties by the seller are created as follows:

(a) any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b) any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as 'warrant' or 'guarantee' or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the

seller's opinion or commendation of the goods does not create a warranty."

Thus, the statute requires some representation, terms, or conditions, or some definitive statement as to how a product is warranted. An express warranty, being contractual in nature, could contain a variety of terms warranting much or little. Here, the evidence discloses no such information.

In conclusion, we hold that no privity existed between Fairmont and Zorneses to create a basis of liability for breach of implied warranty. Further, there is insufficient evidence of express warranty.

For the above reasons, this cause is reversed and the trial court is ordered to enter a judgment for Fairmont.

Reversed.

BUCHANAN, C. J., and STATON, J., participating by designation, concur.