**Ronald ZEPIK**

v.

**CEECO POOL AND SUPPLY, INC. (n/k/a Tidewater Midwest, Inc.), Loren's Pool and Supply, Inc., Pleasure Industries, Polynesian Pools, Frost Company.**

No. S85–291.

United States District Court, N.D. Indiana, South Bend Division.

Nov. 12, 1987.

---

Ronald R. Gilbert, Detroit, Mich., Gary Becker, Louisville, Ky., Frank J. Petsche, South Bend, Ind., for plaintiff.

Fred M. Stults, Jr., David L. Zoss, Gary, Ind., for Ceeco Pool and Supply, Inc.

Sam J. Bernardi, Jr., Valparaiso, Ind., for Loren's Pool and Supply, Inc.

Edward N. Kalamaros, South Bend, Ind., for Pleasure Industries.

James K. Whitaker, Hammond, Ind., for Polynesian Pools.

James H. Pankow, South Bend, Ind., for Frost Co.

## MEMORANDUM AND ORDER

MILLER, District Judge.

On April 28, 1986, this court granted summary judgment to Pleasure Industries, one of several defendants in this action for personal injuries resulting from plaintiff Ronald Zepik's tragic dive into a shallow swimming pool. *Zepik v. Ceeco Pool and Supply, Inc.*, 637 F.Supp. 444 (N.D.Ind. 1986). Eleven motions now pend before the court. These matters have long been ripe for ruling. For the reasons that follow, the court finds that summary judgment is proper with respect to the claims against defendants Frost Company and Polynesian, Inc., and that the claims against Loren's Pool & Supply, Inc. must be dismissed for want of jurisdiction and for failure to state a claim upon which relief can be granted.

### I. FACTS

On June 20, 1983, Ronald Zepik and his friend, Sally Adrian, went to visit Glen and Linda Davis at their home. During that visit, the Davises invited Mr. Zepik and Ms. Adrian to go swimming. Mr. and Mrs. Davis have an in-ground pool in their backyard, which Mr. Davis constructed in the spring of 1982 with the assistance of defendant Loren's Pool & Supply, Inc. At approximately 8:45 p.m., Mr. Zepik left the pool and headed toward the Davis' house, then turned, ran toward the pool, and dived

into the pool. Although no one actually saw the contact, it appears that, upon entering the pool, Mr. Zepik struck his head on the bottom of the pool, as a result of which he was rendered a quadriplegic.

Mr. Davis constructed the Davis pool with direction and assistance of Loren's Pool & Supply. All materials used in the construction were purchased from Loren's Pool. Loren's Pool & Supply did the excavation work and helped Mr. Davis install the liner. Mr. Davis performed all the other work. The completed pool is octagonal in shape, twenty-four feet in circumference, and approximately four feet deep.

The materials used in constructing the Davis pool were not manufactured by the same source; the parties disagree as to which manufacturer provided what product. Mr. Zepik contends, and the court assumes for purposes of the pending motions, that the list of the products and their respective manufacturers is as follows:

| | |
|---|---|
| Wall panels | – Polynesian, Inc. |
| Skimmer returns pump filter | – Hayward Pool Products, Inc. |
| Ladder | – Frost Company |
| Liner | – Tidewater Midwest, Inc. (formerly Ceeco Pool & Supply) |
| Pipe | . – Pleasure Industries |
| Clamps | – Bowman Distribution, Barnes Group, Inc. |
| Coping | – Polynesian, Inc. |

(Defendant Loren's Pool and Supply, Inc., answer to interrogatories filed in Cause No. 83–PSC–3246, Porter Superior Court.)

Mr. Zepik brings this products liability action seeking to recover for his resulting injuries. Mr. Zepik alleges that the defendants manufactured and/or sold the pool and/or the pool's component parts. Mr. Zepik's complaint is based on theories of negligence, strict liability, willful and wanton misconduct, and breach of express and implied warranties. Counts VI and VII of Mr. Zepik's complaint allege a violation of the Consumer Product Safety Act, 15 U.S. C. § 2051 et seq., by failing to inform the Consumer Product Safety Commission ("the Commission") of a substantial prod-

uct hazard, namely that a swimming pool may be defective for failure to warn users that diving into shallow water may result in serious spinal injury. Mr. Zepik further contends that the defendants' failure to so inform the Commission was based on a fraudulent and deceitful intent.

Jurisdiction is based on the federal question presented by the alleged violation of the Consumer Product Safety Act ("CPSA"). 28 U.S.C. § 1331. Jurisdiction over the negligence and products liability counts presumably is pendent to the federal question jurisdiction.

## II. PLAINTIFF'S MOTION FOR ORAL ARGUMENT

Mr. Zepik has requested oral argument on all pending motions. The parties have presented very thorough written argument, however, and oral argument would simply delay disposition further. Accordingly, the motion for oral argument is denied.

## III. THE MOTION TO DISMISS

Defendant Loren's Pool & Supply, Inc. ("Loren's") has moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(1) and (6). Relying on a recent Eighth Circuit opinion in *Drake v. Honeywell, Inc.*, 797 F.2d 603 (1986), Loren's argues that Mr. Zepik's claims under the CPSA must fail because the CPSA creates no private right of action for violation of its reporting provisions. Loren's maintains that once the CPSA claims are dismissed, Mr. Zepik's asserted basis for federal jurisdiction fails with respect to the remaining claims. Mr. Zepik and Loren's both are citizens of the State of Indiana; no alternate diversity basis for jurisdiction would exist.

In *Drake*, the Eighth Circuit held that the failure to comply with product hazard reporting rules issued by the Commission does not give rise to a private cause of action under the Act, 15 U.S.C. § 2072(a). *Drake v. Honeywell, Inc.*, 797 F.2d at 606, *disagreeing with Wilson v. Robertshaw Controls Co.*, 600 F.Supp. 671 (N.D.Ind. 1985); *Payne v. A.O. Smith Corp.*, 578

F.Supp. 733 (S.D.Ohio 1983); *Young v. Robertshaw Controls Co.,* 560 F.Supp. 288 (N.D.N.Y.1983); *Butcher v. Robertshaw Controls Co.,* 550 F.Supp. 692 (D.Md.1981); and *Swenson v. Emerson Electric Co.,* 374 N.W.2d 690 (Minn.1985), *cert. denied* 476 U.S. 1130, 106 S.Ct. 1998, 90 L.Ed.2d 678 (1986).

The *Drake* decision is contrary to that reached by this court's April 28, 1986 order, where, relying on *Wilson v. Robertshaw Controls Co.,* 600 F.Supp. 671, the court found that a private cause of action existed for violations of the disclosure requirements of 15 U.S.C. § 2064. *Zepik v. Ceeco Pool and Supply, Inc.,* 637 F.Supp. 444, 451 (N.D.Ind.1986). The *Drake* opinion was not available to this court when it made its prior ruling.

The Seventh Circuit has not considered whether the CPSA creates a private cause of action such as that asserted by Mr. Zepik, but has said, "Although decisions of other circuits are not necessarily controlling, the district courts should give them substantial weight. This is especially true when they specifically reject decisions from other district courts that the district court seeks to rely on." *Richards v. Local 134, Internat'l Bhd. of Elect. Workers,* 790 F.2d 633, 636 (7th Cir.1986). With this standard in mind, the court finds the *Drake* opinion to be better reasoned and more persuasive than that in *Wilson v. Robertshaw Controls Co.,* 600 F.Supp. 671 (N.D. Ind.1985).

■ Adopting the reasoning of the Eighth Circuit Court of Appeals in *Drake,* the court now finds that the CPSA creates no private cause of action for violations of the reporting provisions of 15 U.S.C. § 2064. In so doing, the court necessarily reverses its prior holding to the contrary. This reversal, however, does not affect the court's prior disposition with respect to defendant Pleasure Industries; that determination did not turn on whether or not a private cause of action existed.

Based on the foregoing, the court finds that Mr. Zepik has stated no actionable claim under the CPSA against defendant Loren's Pool & Supply, Inc. The court further finds that no independent basis exists for this court's continued jurisdiction over the remaining pendent state claims. *Elliott v. Chicago Motor Club Ins.,* 809 F.2d 347 (7th Cir.1986); *Mitchell v. Pepsi–Cola Bottlers, Inc.,* 772 F.2d 342 (7th Cir. 1985).

Accordingly, the motion to dismiss of defendant Loren's Pool & Supply, Inc. should be granted.

## IV. THE SUMMARY JUDGMENT MOTIONS

Each of the remaining defendants has moved for summary judgment on all counts of the complaint under Fed.R.Civ.P. 56.[1] The analysis set forth in the preceding section logically would seem to govern Mr. Zepik's claims against the remaining defendants. Those defendants have not raised such an argument, however, and the court is reluctant to dispose of the claims against those defendants on the basis of an argument they have not addressed. Accordingly, the court turns to the arguments those defendants have raised.

### A. *The Summary Judgment Standard*

In a summary judgment motion, the movant must first demonstrate, by way of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, that (1) no genuine issues of material fact exist for trial, and (2) the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Munson v. Friske,* 754 F.2d 683 (7th Cir.1985). If the motion's opponent would bear the burden of proof at trial on the matter that forms the basis of the summary judgment motion, the burden of proof shifts to the motion's opponent if the movant makes its initial showing, and the motion's opponent must come forth and

1. Defendant Tidewater Midwest, Inc. moved for summary judgment on August 4, 1986. Tidewater manufactured the liner which was installed in the Davis pool. The court, however, need not address Tidewater's duty to warn; Tidewater's dismissal with prejudice on September 29, 1986 has rendered the issue moot.

produce affidavits, depositions, or other admissible documentation to show what facts are actually in dispute. *Celotex Corp. v. Catrett*, 477 U.S. at 320, 106 S.Ct. at 2551; *Klein v. Trustees of Indiana University*, 766 F.2d 275, 283 (7th Cir.1985). Summary judgment should be granted only if no reasonable jury could return a verdict for the motion's opponent. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260 (7th Cir.1986); *Munson*, 754 F.2d at 690; *Weit v. Continental Illinois National Bank & Trust Co.*, 641 F.2d 457, 461 (7th Cir.1981), *cert. denied* 455 U.S. 988, 102 S.Ct. 1610, 71 L.Ed.2d 847 (1982).

When the parties dispute the facts, the parties must produce proper documentary evidence to support their contentions. The parties cannot rest on mere allegations in the pleadings, *Posey v. Skyline Corp.*, 702 F.2d 102 (7th Cir.), *cert. denied* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983); or upon conclusory statements in affidavits. *First Commodity Traders v. Heinold Commodities*, 766 F.2d 1007, 1011 (7th Cir.1985); *Hall v. Printing and Graphic Arts Union*, 696 F.2d 494, 500 (7th Cir.1982). Any permissible reasonable inferences from the documentary evidence must be viewed in the light most favorable to the non-moving party. *Matsushita Electric Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Munson*, 754 F.2d at 690; *Mintz v. Mathers Fund, Inc.*, 463 F.2d 495, 498 (7th Cir.1972). "Although a requisite, the mere existence of a factual dispute is, nonetheless, not alone sufficient to bar summary judgment as it is well-settled that 'a factual dispute does not preclude summary judgment unless ... the

disputed fact is outcome determinative under governing law'." *Hossman v. Spradlin*, 812 F.2d 1019, 1020–21 (7th Cir.1987), *quoting Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.) (en banc), *cert. denied* 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983).

The defendants' summary judgment motions must be addressed with these standards in mind. Several preliminary matters require resolution before the court may address the merits of their motions, however.

### B. *Plaintiff's Motion to Consider Additional Evidence*

■ On July 13, 1987, Mr. Zepik filed a motion requesting that, in addition to the voluminous materials already submitted, the court consider yet another deposition, that of Loren Heirbrandt, the president and major stockholder of defendant Loren's Pool & Supply, Inc. Mr. Heirbrandt's deposition was reportedly taken on April 4, 1986, but was not filed with the court until July 13, 1987. Mr. Heirbrandt had not signed the deposition.[2]

Mr. Zepik's attempt to supplement his response to the pending summary judgment motions with Mr. Heirbradt's deposition is untimely under District Rule 11,[3] which provides in pertinent part that:

> Any party opposing the [summary judgment] motion shall, within fifteen (15) days from the date such motion is served upon him, serve and file any affidavits or other documentary material controverting the movant's position ...

Timing, however, is not the sole reason the court should decline to consider the additional evidence. Mr. Zepik maintains that the court should consider Mr. Heirbrandt's deposition because:

> Matters contained in this deposition are relevant and material to the pending motions and the inconsistencies and contradictions between the depositions of Loren

---

**2.** The absence of a signature or waiver of that signature, when coupled with the submission of Mr. Heirbrandt's deposition in an unsealed condition, would constitute a sufficient basis for a motion to suppress the deposition under Fed.R. Civ.P. 32(d)(4). The defendants' failure to move

to suppress Mr. Heirbrandt's deposition, however, constitutes a waiver of the irregularities in the submission of the deposition. Fed.R.Civ.P. 32(d)(4).

**3.** Formerly local District Court Rule 7.

Heirbrandt and his former employee, David Lauderdale, are among the many issues of fact which should be considered by this court in overruling all of the pending motions for summary judgment and in granting the Plaintiff's Motion to Reconsider the Summary Judgment previously entered for the defendant, Pleasure Industries.

(Plaintiff's Motion to Reconsider, filed July 13, 1987).

■ An issue of fact with respect to statements made by Mr. Heirbrandt and Mr. Lauderdale would not affect the propriety of summary judgment. A factual dispute precludes summary judgment only when the disputed fact is outcome determinative under governing law. *Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.) (en banc), *cert. denied* 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983). Disposition of the pending motions centers around a question of law rather than disputed fact. Accordingly, any factual dispute that may exist between statements made by Mr. Heirbrandt and Mr. Lauderdale is irrelevant to the outcome.

The motion to consider Mr. Heirbrandt's deposition is, accordingly, denied.

C. *The Defendants' Motions to Strike*

Mr. Zepik appears to have submitted the affidavit of William F. Kitzes in opposition to the motions for summary judgment motions filed by defendants Frost Company and Pleasure Industries, Inc.[4] The affidavit of Gene Litwin, filed on September 10, 1986, also supplements Mr. Zepik's opposition to Frost Company's summary judgment motion.

■ Defendants Frost Company, Pleasure Industries and Loren's Pool & Supply object to consideration of these affidavits into evidence because the affidavits do not comply with the provisions of Rule 56(e) of the Federal Rules of Civil Procedure and the statements contained in the affidavits are mere legal opinions or conclusions that raise no genuine issue of material fact that would bar summary judgment.

Fed.R.Civ.P. 56(e) states, in pertinent part:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Affiants' statements that do not meet these criteria are subject to striking upon an opponent's motion. *Klingman v. National Indemnity Co.*, 317 F.2d 850 (7th Cir.1963); *American Security Co. v. Hamilton Glass Co.*, 254 F.2d 889, 893 (7th Cir.1958).

■ Mr. Kitzes' affidavit fails to satisfy these criteria. Mr. Kitzes is, according to his affidavit, a safety analyst, a board certified product safety manager, and former legal advisor to the Director of the Office of Product Defect Identification of the United States Consumer Product Safety Commission. Although this employment history would qualify Mr. Kitzes as an expert witness, he is not competent to testify as to matters of law. The statements contained in paragraphs 4 and 6 of his affidavit simply recite the law, specifically 15 U.S.C. § 2064 and 16 C.F.R. 1115.4. In paragraph 5, Mr. Kitzes presents the court with what is, in his opinion, a "prime example of responsibilities of a component manufacturer"—the recall by the Commission of LP gas valves. Finally, paragraphs 7 and 8 contain Mr. Kitzes' opinion as to the duty owed by Frost Company and Pleasure Industries to consumers under the CPSA.

The statements contained in Mr. Kitzes' affidavit are not statements of fact. They are statements of law. As such, they do not comport with the provisions of Rule 56(e). See *United States v. Baskes*, 649 F.2d 471, 479 (7th Cir.1980), *cert. denied* 450 U.S. 1000, 101 S.Ct. 1706, 68 L.Ed.2d 201 (1981) (Federal Rule of Evidence 704, "does not provide that witnesses' opinions as to the legal implications of conduct are

---

4. The court granted Pleasure Industries' summary judgment motion on April 28, 1986. Mr. Kitzes' affidavit was not filed until September 2, 1986. The court will assume Mr. Zepik submitted the affidavit in support of his motion to reconsider the April 28 order, which motion is discussed at page 465 of this order.

admissible"). In determining the propriety of summary judgment with respect to either Frost Company or Pleasure Industries, the court must not consider Mr. Kitzes' statements as to the law, his expressions of opinion, and legal conclusions. *Pfeil v. Rogers,* 757 F.2d 850, 862 (7th Cir.1985) ("Because legal argumentation is an expression of legal opinion and is not a recitation of a 'fact' to which an affiant is competent to testify, legal argument in an affidavit may be disregarded."). See also *G.D. Searle & Co. v. Chas. Pfizer & Co.,* 231 F.2d 316, 318 (7th Cir.1956) (expressions of affiant's opinion and his legal conclusion "are totally ineffectual, and are not to be given any consideration or weight whatsoever"); *United States v. Coleman Capital Corp.,* 295 F.Supp. 1016, 1021 (N.D.Ill.1969) ("arguments concerning the law or merits of a case in affidavits responding to a motion for summary judgment may be disregarded by the trial court").

■ Mr. Litwin's affidavit is similarly flawed. The affidavit contains no averment of personal knowledge as required by Rule 56(e), and contains conclusory opinions as to what Frost Company knew or should have known about the uses to which their ladders were being put and as to the extent of information in the possession of Frost Company. Mr. Litwin also draws legal conclusions with respect to the duty that should be imposed on Frost Company and the extent of Frost Company's liability for the plaintiff's injuries.

Accordingly, the defendants' motions to strike the affidavits of William Kitzes and Eugene Litwin must be granted.

### D. *Merits of the Summary Judgment Motions*

The threshold issue is whether the record before the court establishes a sufficient connection between Mr. Zepik's injuries and any product manufactured or sold by defendants Frost Company or Polynesian, Inc. so as to subject these defendants to liability under any of the theories espoused. The element of causation is essential to Mr. Zepik's complaint.

### 1. *The Strict Liability Claims*

Indiana law governs all of Mr. Zepik's claims other than the CPSA claim. First by case law and then by statute, Indiana adopted Section 402A of the Restatement of Torts (Second) as the law in products liability cases. *Lantis v. Astec Industries, Inc.,* 648 F.2d 1118, 1120 (7th Cir.1981); *Ayr–Way Stores, Inc. v. Chitwood,* 261 Ind. 86, 300 N.E.2d 335 (1973); IND.CODE 33–1–1.5–1 *et seq.* One seeking recovery under Section 402A must establish the following essential elements:

(1) the defendant placed a product into the stream of commerce by sale or other means;

(2) the defendant was engaged in the business of selling such a product;

(3) at the time the product left the defendant's hands, it was in a defective condition unreasonably dangerous to the user.

(4) the product was expected to and did reach the user without substantial change in its condition; and

(5) the defective condition was a proximate cause of the loss complained of.

*Lantis v. Astec Industries, Inc.,* 648 F.2d at 1120 (7th Cir.1981); *Shanks v. A.F.E. Industries, Inc.,* 275 Ind. 241, 416 N.E.2d 833, 834 (1981); *Ortho Pharmaceutical Corp. v. Chapman,* 180 Ind.App. 33, 388 N.E.2d 541, 545 (1979); *Gilbert v. Stone City Construction Co., Inc.,* 171 Ind.App. 418, 357 N.E.2d 738, 743 (1976); IND. CODE 33–1–1.5–3(a).

A product may be defective within the meaning of Section 402A because of a manufacturing flaw, a defective design, or a failure to warn of dangers in the product's use. *Lantis v. Astec Industries, Inc.,* 648 F.2d at 1120.

A manufacturer must give warnings if the manufacturer (a) knows or has reason to know that the product is or is likely to be dangerous for the use for which it is supplied, and (b) has no reason to believe that those for whose use the product is supplied will realize its dangerous condition. *Restatement (Second) of Torts,* § 388; *Black v. Henry Pratt Co.,* 778 F.2d 1278, 1283 (7th Cir.1985); *American Opti-*

cal Co. v. Weidenhamer, 457 N.E.2d 181, 187 (Ind.1983). To recover from a manufacturer on the theories of negligence, strict liability, breach of express warranty or breach of implied warranty, a plaintiff must prove that his injury was the proximate result of the defendant's conduct. *American Optical Company v. Weidenhamer,* 457 N.E.2d 181, 183 (Ind.1983).

The ladder, interior wall panels and coping are the only products that Mr. Zepik claims Frost Company and Polynesian, Inc. manufactured and placed into the stream of commerce.

Mr. Zepik relies upon *Corbin v. Coleco Industries, Inc.,* 748 F.2d 411 (7th Cir. 1984), a case with facts quite similar to those in the present case, with one notable exception. *Corbin* was a products liability action against the manufacturer of an above-ground swimming pool, in which the plaintiff sought damages for personal injuries he sustained when he hit his head on the bottom of the pool during a dive. The pool contained four feet of water. Relying on Indiana law, the district court granted the manufacturer's motion for summary judgment, and the plaintiff appealed.

The court of appeals held that summary judgment was improper due to the existence of genuine issues of material fact as to: (1) whether the danger of spinal injury from attempting a flat shallow dive into four feet of water was open and obvious, an issue crucial to the plaintiff's claim for negligent breach of a duty to warn; and (2) whether the above-ground swimming pool contained a defect which was unreasonably dangerous to users, an issue crucial to the strict liability claim.

*Corbin,* however, involved a swimming pool manufactured solely by Coleco Industries. By contrast, the pool in which Mr. Zepik was injured had no single manufacturer, but rather a collection of individual manufacturers, each of which produced or manufactured only a component part of the pool. Assuming, as the court must for purposes of the summary judgment motions, that Frost Company and Polynesian, Inc. manufactured and placed the ladder, the interior wall panels and the coping into the stream of commerce, these products were merely component parts of the completed "product", namely the swimming pool.

A manufacturer of a component part may be liable under Indiana law for injuries to an ultimate user or consumer if the defective component foreseeably renders unreasonably dangerous the product in which the component is incorporated. *Black v. Henry Pratt Co.,* 778 F.2d 1278 (7th Cir.1985); *Neofes v. Robertshaw Controls Co.,* 409 F.Supp. 1376 (S.D.Ind.1976); *Shanks v. A.F.E. Industries, Inc.,* 275 Ind. 241, 416 N.E.2d 833 (1981). The plaintiff must show "that the defect was the cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produced the result complained of and without which the result would not have occurred". *Black v. Henry Pratt Co.,* 778 F.2d at 1282–83.

Mr. Zepik contends that the ladder, interior wall panels and coping were in a defective condition unreasonably dangerous to the user because they failed to warn of the dangers of serious spinal injury from diving into a shallow pool. However, nothing in the record before the court shows or supports an inference that the products manufactured by Frost Company or Polynesian, Inc. were in any way defective or dangerous for the uses for which they were supplied, or that those products could cause the injuries complained of. "[T]here is no duty to warn with respect to a product which is, as a matter of law, not dangerous." *Black v. Henry Pratt Co.,* 778 F.2d 1278 (7th Cir.1985); *American Optical Company v. Weidenhamer,* 457 N.E.2d 181, 187 (Ind.1983). Mr. Zepik's injuries arose from the pool's depth, not from the products that Frost Company or Polynesian, Inc. supplied.

Mr. Zepik must do more than show that the ladder, interior wall panels and coping were part of an unreasonably dangerous pool: "a manufacturer who merely supplies a component part subsequently assembled by another in a manner creating a dangerous condition is not liable to one injured thereby". *Cropper v. Rego Distribution*

*Center, Inc.*, 542 F.Supp. 1142 (D.C.Del. 1982). Mr. Zepik has, however, shown no more.

Based on the foregoing, the court finds that no genuine issue of material fact exists with respect to the strict liability claim against Frost Company and Polynesian, Inc., and that the defendants are entitled to judgment as a matter of law.

### 2. *The Willful and Wanton Misconduct Claim*

■ Summary judgment also is appropriate with respect to the remaining counts. Neither Frost Company nor Polynesian, Inc. had a duty to warn of the dangers of the pool that Mr. Davis built; accordingly, their failure to warn cannot constitute willful and wanton misconduct.

### 3. *The Breach of Warranty Claims*

■ In Indiana, an action for breach of implied warranty may sound either in contract or in tort, depending upon the allegations of the complaint. *Wilson v. Studebaker–Worthington, Inc.*, 582 F.Supp. 383 (S.D.Ind.1983); *Withers v. Sterling Drug, Inc.*, 319 F.Supp. 878, 882 (S.D.Ind.1970); *Wright–Bachman, Inc. v. Hodnett*, 235 Ind. 307, 133 N.E.2d 713 (1956). Mr. Zepik stated, in response to the summary judgment motions, that his claim sounds in contract rather than in tort.[5]

Privity of contract, although no longer required in an implied warranty action sounding in tort, is a necessary element under Indiana law when the cause of action sounds in contract for breach of warranty. *Neofes v. Robertshaw Controls Co.*, 409 F.Supp. at 1379; *Withers v. Sterling Drug, Inc.*, 319 F.Supp. at 882; *Lane v. Barringer*, 407 N.E.2d 1173, 1175 (Ind.App.1980). Accordingly, Mr. Zepik must show that Glen Davis was in privity of contract with Frost Company and with Polynesian, Inc. and that Mr. Zepik was, therefore, a third-party beneficiary under I.C. 26–1–2–318. The materials before the court, however,

do not allow for an inference of such a relationship between Mr. Davis and Frost Company or Polynesian, Inc. *See Candlelight Homes, Inc. v. Zornes*, 414 N.E.2d 980 (Ind.App.1981). The materials before the court show that Mr. Davis and Loren's Pool & Supply, Inc. were the parties to the contract for the purchase and installation of the pool. The record provides no indication that Frost Company or Polynesian, Inc. contracted with or participated in the sale and construction of the Davis pool.

Mr. Zepik contends that Indiana courts may be moving away from the requirement of privity in a limited class of cases, for humanitarian purposes. In *Citizens Gas & Coke Utility v. American Economy Ins. Co.*, 486 N.E.2d 998, 1000–1001 (Ind.1985), the Indiana Supreme Court said,

> One who sells a product or does construction work pursuant to a contract with the owner of a building or premises which presents immediate danger to the health and safety of not only the party he contracts with but to other members of the public, can be held liable for resulting injuries even though the third party injured is not privy to the contract.

Even assuming that the foregoing language would release Mr. Zepik from the requirement of privity under appropriate facts, however, neither Frost Company nor Polynesian, Inc. sold a product that presented immediate danger to the health and safety of members of the public. As discussed above, neither the ladder, the interior wall panels or the coping were defective or dangerous; no injuries resulted from any of these products.

■ Summary judgment is also proper with respect to the express warranty claim. IND.CODE 26–1–2–313, which sets forth the requirements of an express warranty, requires some representation, term, condition, or definite statement as to how a product is warranted. *Candlelight Homes, Inc. v. Zornes*, 414 N.E.2d at 983.

---

5. Had the implied warranty count sounded in tort, no further inquiry would be required: "Under Indiana law a count based on tortious breach of implied warranty is duplicitous of a count based on strict liability in tort and both counts may not be pursued in the same lawsuit." *Neofes v. Robertshaw Controls Co.*, 409 F.Supp. 1376, 1379; *see also Withers v. Sterling Drug, Inc.*, 319 F.Supp. at 884.

The materials before the court reflect no warranty by Frost Company or Polynesian, Inc. with respect to the pool in which Mr. Zepik was injured.

Accordingly, the court finds that no genuine issue of material fact exists with respect to the warranty claims, either express or implied, against defendants Frost Company and Polynesian, Inc., and that these defendants are entitled to judgment thereon as a matter of law.

### 4. The Consumer Product Safety Act Claim

■ The sole remaining issue before the court is whether Mr. Zepik has stated a cause of action under the CPSA.[6] Frost Company and Polynesian, Inc., maintain, and this court has held, that they have no duty to warn of hazards created when their products, which were not defective in themselves, were subsequently assembled by another in a dangerous condition. There can be no violation of the disclosure requirements when there is no duty to disclose. Section 2064(b) provides as follows:

> Every manufacturer of a consumer product distributed in commerce, and every distributor and retailer of such product, who obtains information which reasonably supports the conclusion that such product—
>
> * * *
>
> (2) contains a defect which could create a substantial product hazard described in subsection (a)(2) of this section,
>
> shall immediately inform the Commission of such ... defect, unless such manufacturer, distributor, or retailer has actual knowledge that the Commission has been adequately informed of such defect ...

■ Mr. Zepik bases his CPSA claim on the alleged knowing and willful failure of Frost Company and Polynesian, Inc. to disclose a "substantial product hazard" as that term is defined in 15 U.S.C. § 2064(a)(2). A manufacturer with infor-

mation that its product contains a defect that could cause a substantial product hazard has a continuing duty to inform the commission of such defect, *United States v. Advance Machine Co.*, 547 F.Supp. 1085 (D.Minn.1982), but the statute creates no corresponding duty to report defects in other manufacturers' products.

The pool in which Mr. Zepik was injured was not, based on the record before the court, a product of either Frost Company or Polynesian, Inc.; those manufacturers had no duty to report any defects in the finished pool to the Commission. Accordingly, no private cause of action will lie for the failure to so report. Frost Company and Polynesian, Inc. are entitled to judgment as a matter of law on the CPSA claims.

### V. PLAINTIFF'S MOTION TO RECONSIDER

On May 19, 1986, Mr. Zepik filed a motion asking the court to reconsider its order granting summary judgment for defendant Pleasure Industries. Mr. Zepik's arguments, however, are not new to the court and are unpersuasive. Accordingly, Mr. Zepik's motion for reconsideration is hereby denied.

### VI. PLEASURE INDUSTRIES' RULE 54(b) MOTION

■ On April 30, 1986, defendant Pleasure Industries filed a motion for certification of the court's April 28, 1986 order as a final judgment. Fed.R.Civ.P. 54(b). The order made the subject of this request granted summary judgment for Pleasure Industries and against Mr. Zepik on all counts of the complaint. Pleasure Industries renewed its motion on January 29, 1987.

When Pleasure Industries' motion was originally filed, the remaining defendants had either filed for summary judgment or anticipated such filing. The similarities be-

---

**6.** As noted above at pages 458–459, although the court has concluded in Part III of this memorandum that the Consumer Product Safety Act creates no private right of action for failure to report, these defendants have made no such argument. Because these defendants have chosen to assume the existence of such a right, the court proceeds in this portion of the memorandum as if such a private right existed.

tween the defendants and the nature of the claims brought against each defendant suggested a strong likelihood that any further summary judgment motions would be based on the arguments raised by Pleasure Industries. The risk of repetitive appeals therefore would have been significant. There were thus reasons for delaying review of the order of April 28, 1986. Those reasons no longer exist.

Accordingly, Pleasure Industries' motion for certification of the April 28, 1986 order as a final judgment should be granted. The court would further direct entry of final judgment with respect to defendants Frost Company, Polynesian, Inc. and Loren's Pool & Supply, Inc. in accordance with the findings set out in this order.

## VII. ORDER

For the foregoing reasons, the court now:

(1) DENIES the plaintiff's motion for oral argument;

(2) GRANTS the motion to dismiss of defendant Loren's Pool & Supply, Inc.;

(3) DENIES the plaintiff's motion to consider Mr. Heirbrandt's deposition;

(4) GRANTS the defendants' motions to strike the affidavits of William Kitzes and Eugene Litwin;

(5) GRANTS the motions for summary judgment filed by defendants Frost Company and Polynesian, Inc.;

(6) DENIES the plaintiff's motion to reconsider; and

(7) GRANTS Pleasure Industries' motion for certification of the April 28, 1986 order as a final judgment, and directs entry of final judgment with respect to defendants Frost Company, Polynesian, Inc. and Loren's Pool & Supply, Inc. in accordance with the findings set out in this order.

SO ORDERED.